BERLINER VS. THE TOWN OF WATERLOO.

The doctrine of this court in *The Town of Rochester vs. The Alfred Bank,* 13 Wis., 432, as to the invalidity of bonds issued by the officers of a town pursuant to a vote of the people thereof in aid of the construction of a railroad, before the law authorizing such vote and the issue of such bonds was published, followed in this case.

Courts are bound to take notice of public acts, and to determine for themselves when such acts took effect.

When the right set up in a complaint depends for its existence on an authority in one of the parties derived from a public statute, the court must determine as a question of *law,* whether the statute conferred such authority; and to do this, must determine whether the statute was in force at the time the supposed authority was exercised.

In the absence of any suggestion making a more accurate inquiry necessary, the court will assume the date of the secretary of state's certificate at the end of a volume of Private Laws, as the date of the first publication of a law found in such volume, there being nothing to indicate that it had first been published in a newspaper as a public act.

ERROR to the Circuit Court for *Jefferson* County.

The case is sufficiently stated in the opinion of the court.

*Smith & Keyes,* for plaintiff in error.

*Conklin & Cone,* for defendant in error.

December 11.

*By the Court,* PAINE, J. This case is entirely similar on its merits to the cases of *Phelps vs. The Alfred Bank,* and *The Town of Rochester vs. The Alfred Bank,* decided by this court in 13 Wis., 432. It is an action on a bond issued by the officers of the town in aid of the construction of a railroad,

but issued before the law authorizing it was published or took effect. We held in those cases that the bonds were void.

In this case the objection is taken by demurrer, and the counsel for the plaintiff in error contends that the demurrer cannot be sustained, for the reason that the complaint does not show that the law was not published until after the issuing of the bond. He claims therefore that this fact should be set up as a defense. But it is well settled that courts are bound to take notice of public acts, and this involves the necessity of their determining for themselves when such acts take effect. When therefore the right set up in the complaint depends for its existence on an authority in the town derived from a public law, the court is bound to determine as a question of law, whether the act conferred such authority. And to do this it must determine whether it was in force at all or not.

The act in question appears to have been first printed by authority in the Private Laws of 1856, as chapter 141. The certificate of the secretary of state at the end of that volume is dated December 3d, 1856, and we have held that in the absence of any suggestion making a more accurate inquiry necessary, we should assume the date of that certificate to be the date of the publication of the laws found in a volume of private laws, there being nothing to indicate that they had first been published in a newspaper as public acts. *In re Boyle*, 9 Wis., 266. There is no claim, and nothing to indicate that this law was ever published by authority except in that volume, and we must therefore hold that the complaint does not show any cause of action, for want of any lawful authority on the part of the town officers to execute the bond at the time it was issued.

The judgment of the circuit court is affirmed, with costs.