<hr />

### GUNNISON VS. HOEHNE.

The grantee in a tax deed recorded May 11th, 1859, commenced an action of eject-
   ment July 9th, 1862, against a party who was in actual adverse possession *on
   that day.* There was no evidence as to the possession of the land between the
   record of the deed and the commencement of the action. *Held,* that the plaint-
   iff must be presumed to have been in actual or constructive possession during
   the three years next after the record of his deed; and the action was not barr-
   ed by the statutory limitation.
Whether a party in the possession of land, but claiming no title or interest except
   that to be inferred from the fact of possession, can avail himself of the limita-
   tion prescribed by the tax laws, *quære.*

APPEAL from the County Court of *Milwaukee* County.

Ejectment, commenced July 9th, 1862. Answer, first a de-
nial of all the allegations of the complaint except that the de-
fendant was in possession of the premises at the commence-
ment of the action. 2. That plaintiff claimed under a tax deed
executed May 10, 1859, and recorded the next day, and de-
fendant claimed the benefit of the statute limiting the time
within which the grantee in a tax deed might bring his action.
On the trial it was admitted that the land was conveyed by the
United States before 1855, and plaintiff offered in evidence a
tax deed such as is described in the answer. Defendant mov-

ed for a nonsuit on the ground that more than three years had elapsed between the recording of the deed and the commencement of this action.    Motion denied.    Judgment for the plaintiff; from which the defendant appealed.

*J. V. V. Platto*, for appellant :

Even if the statute (secs. 32, 33, ch. 22, Laws of 1859) is operative only as between the tax deed grantee and the former owner (which we deny), yet, it being admitted that the defendant was in actual possession at the commencement of the action, the law presumes that he was the owner of the land.    5 Taunt., 326 ; 10 Johns., '504, 510 ; 11 id., 339, 356; Best on Presumptions, 87 ; Chitty on Pleading, 189 ; 2 Washb. on Real Prop., 400; 10 Barb., 458.

*E. Mariner*, for respondent.

*By the Court*, DIXON, C. J.    If it be conceded that a stranger, or party in possession claiming no title or interest in the land save that to be inferred from the fact of possession, may avail himself of the limitation prescribed by the tax laws, which I, for one, very much doubt, still the judgment in this case must be affrmed.    The tax deed under which the plaintiff claims was recorded May 11, 1859.    This action was commenced on the 9th day of July, 1862.    There is no evidence as to who was in possession, or whether the lot was occupied at all or not, between those dates.    It only appears that the defendant was in possession on the day the action was commenced.    Under these circumstances, we think it was incumbent on the defendant to show that the limitation fixed by the tax laws was applicable to the case, and how it was to be applied.    To entitle himself to the protection of the statute he should show that he or some person under whom he claims or whose rights he represents, was in possession during the three years which elapsed next after the recording of the tax deed, or at least that the premises were not vacant during that time. It has already been decided that the recording of the tax deed

is a public, authorized assertion of title, which will enable the original owner to maintain ejectment; and that, when the premises are vacant, the recorded tax deed, fair on its face, draws after it the possession, the presumption being that the title of the grantee is valid and unimpeachable. In the absence, therefore, of any proof as to the fact of possession or occupancy, we think the presumption must be in favor of the validity of the deed, and that the grantee was constructively or otherwise possessed. If this be so, then obviously the statute affords no protection to a party who comes into possession two months after the period of limitation has expired.

Judgment affirmed.