BURHOP vs. THE CITY OF MILWAKEE, impleaded with the Milwaukee & Superior Railroad Company and others.

GENERAL LAW: *Act creating private corporation, with provisions of a public nature—Mortgage to such corporation before publication of charter.*

1. The term "general law," in sec. 21, Art. VII of the constitution of this state (which provides that no such law shall be in force until it is published), includes all *public* laws which are such by their own nature, but not laws which by their own nature are private, but by a provision therein are declared to be public.

2. The Milwaukee & Superior R. R. Co. is a *private* corporation, and the act creating it would *seem*, therefore, to be a private law.

3. Sec. 25 of said act (which provides for punishing any person obstructing the trains of said company, &c.), and sec. 27 (which empowers towns and villages to aid in the construction of the road by issuing their bonds, &c.), are *public* in their nature. But *quære*, whether the principal provisions of an act should not govern its incidental provisions in determining whether they are public or private.

4. The last section of said act provided that the act should be in force from and after the time a certain resolution therein described should be filed in the office of the secretary of state. In a controversy betwen the company and a party who executed to it a note and mortgage after such filing, *held*, that the company was an existing corporation at the time the mortgage was made, although the law was not published; and the instrument was valid.

5. Whether the bonds of the city of Milwaukee, delivered to said railroad company as the consideration of the transfer to the city of said note and mortgage, were valid, this court still declines to decide in this action, said bonds being payable to bearer, having several years to run, and being held by parties over whose persons the courts of this state cannot obtain jurisdiction.

APPEAL from the Circuit Court for *Milwaukee* County.

Action against the *City of Milwaukee*, the treasurer thereof, the *Milwaukee & Superior Railroad Company*, and *Cornelius V. S. Roosevelt and others*, non-residents of this state, to have cancelled a certain note and mortgage in the hands of said treasurer, executed by the plaintiff to said railroad company in payment of a subscription to its stock. The city claims to hold the note and mortgage as collateral security for bonds issued by it in aid of the railroad; and *Roosevelt and others* are made defendants as holders of said bonds. See 18 Wis., 431–37; 20 id., 338–43.

A demurrer to the complaint, by the city and its treasurer and several other defendants, on the ground, among others, that it did not state a cause of action, was sustained; and from a judgment on the demurrer, plaintiff appealed.

*Joshua Stark*, for appellant, to the point that the act creating the *Milwaukee & Superior R. R. Co.* was a general law, and did not take effect until published, cited *State ex rel. Cothren v. Lean*, 9 Wis., 279–89; *In re Boyle*, id., 264; *Clark v. City of Janes-*

*ville*, 10 id., 176–184 ; *Att'y Gen'l v. Foote*, 11 id., 14 ; *Rochester v. Alfred Bank*, 13 id., 422 ; *Clark v. City of Janesville*, id., 414 ; *Berliner v. Waterloo*, 14 id., 378 ; *West v. Blake*, 4 Blackf., 236 ; *Case of Rogers*, 2 Greenl., 303 ; *Heridia v. Ayres*, 12 Pick., 334 ; Pierce on Am. R. R. Law, 122 ; *Nichol v. Nashville*, 9 Humph., 252 ; *Cotten v. Co. Comm'rs Leon Co.*, 6 Fla., 610. Counsel also asked the court to review its decision in 20th Wis., that it would not determine the question of the validity of the city bonds in this action ; and cited *Bachellor v. Priest*, 12 Pick., 399.

*Jas. G. Jenkins* and *J. W. Cary*, for respondents.

DOWNER, J.   This case has been twice before this court previous to the present appeal.   We are now informed by the appellant that the chief object of this appeal is to present for decision a point which has hitherto purposely been withdrawn from our consideration, although it might have been presented on the prior appeals.   That point is, that the act incorporating the *Milwaukee & Superior Railroad Company* had not been published at the time the mortgage mentioned in the complaint was made by the appellant to the company, and it was not, therefore, in force ; and there was no such corporation as that company then in existence.

If the charter of the company is a *general* law, within the meaning of sec. 21, Art. VII of the state constitution, then it was not in force until after the publication thereof.   This court, in several decisions, has considered the word *general* used in that section as synonymous with *public*, when the latter is applied to statutes which relate to the entire state, or create counties, cities or towns.   There is a class of statutes, however, called public, which are not embraced in the term general, as used in our constitution.   Of that class is every act that would be strictly private, but for a provision therein inserted that it shall be a public act.   The acts that are public or general

within the meaning of section twenty-one, are so inherently, without such provision.

Is the Milwaukee & Superior Railroad Company a *public* or a *private* corporation?

The authorities are to the effect that those corporations are *public* which are created and exist for public purposes, such as counties, cities, villages, towns and parishes; those are *private* where the stock is owned by individuals, though their use may be public; such as banks, insurance companies, and corporations for building bridges, canals, and railroads. 2 Kent's Com., 275; 1 Bald., 223; *Dartmouth Col. v. Woodward*, 4 Wheat., 518–668 et seq.; 9 Wheat., 907; *The People v. Morris*, 13 Wend., 325. If the Milwaukee & Superior Railroad Company is a private corporation, as we think it is, it appears to us that it follows that the act creating it is a private act. But the counsel for the appellant insists that there are certain provisions in the act of incorporation, which are not only inherently public, but are so within the decisions of this court. Such, he contends, are those of the 25th section, which provides that any person or persons who shall maliciously stop or obstruct the trains of the company, or do certain injuries to its property, shall, on conviction, be punished by fine, or imprisonment in the state prison, or both. The 27th section provides that towns and villages may, by issuing their bonds, aid in the construction of the road. This section, it is contended, contains substantially the same provisions as the acts did, which this court decided to be public or general acts within the meaning of sec. 21, Art. VII. of the constitution, in *The Town of Rochester v. The Alfred Bank*, 13 Wis., 432, and in *Berliner v. The Town of Waterloo*, 14 Wis., 378. We think this is true. We shall not stop, however, to enquire whether those cases were correctly decided or not. The acts construed in those cases were additions to, or amendments of, acts the principal provisions of which were public and general. Sections 25 and

27 are in an act the principal and all the other provisions of which are private. It might, perhaps, be held that the principal provisions of an act should govern its incidental, so far as to determine whether they are public or private.

The last section of the act incorporating the Railroad Company provides that the act shall be in force from and after the time a certain resolution therein described shall be filed in the office of the secretary of state. This resolution was filed before the appellant gave his mortgage. It is reasonable that we should give effect to this provision of the act, if we can. There are in it such provisions as make it mainly and essentially a private act, and other provisions, such as those of sections 25 and 27, of a public character, which are separate and distinct from the former, and without which the corporation may well exist and do that for which it was created. We see no reason why the act, as to every part of it strictly private, may not be in force from and after such time as the legislature prescribes, though it is not published. We therefore hold that the Milwaukee & Superior Railroad Company was a corporation existing at the time the mortgage was made.

2. It is maintained by the appellant that the bonds of the city of Milwaukee, delivered as the consideration of the transfer to the city of the note and mortgage, are void, having been made and delivered without authority. The questions which have arisen as to similar instruments, and which may arise as to the validity of these bonds and the rights of *bona fide* holders to enforce them, have been decided so differently by the United States courts from the decision of this and other state courts, that we do not think we could *certainly* protect the city by any decision of ours, unless the holders of the bonds should be within our jurisdiction, so that we could, by acting on their persons, require them to surrender and cancel the bonds. The bonds are payable to bearer, pass from hand to hand by delivery, and have several years to run before they

will mature. On this point we adhere to the opinion given in this case the last term of this court.

*By the Court.*—The judgment of the circuit court is affirmed.