## WOOD VS. MEYER.

TAX SALE: PRESUMPTION. (1) *Act extending time for tax sale; presumption as to date of publication.* (2) *When deed held void because of sale at unauthorized time.* (3) *How sale may be continued.* (4) *Court will not infer irregularity in date of sale.*

TAX DEED: REGISTRY. (5) *Record of tax deed with one witness, not admissible in evidence.*

1. By sec. 86, ch. 15, R. S. 1849, the time of sale of land for nonpayment of taxes was fixed on the second Tuesday in April, and the next suc-

Wood vs. Meyer.

ceeding days. An act of the legislature in 1857 undertook to post-pone the sale in M. county for sixty days; but this act was published only in the volume of *private* laws, without any particular date of publication, and the date of the certificate of the secretary of state, annexed to the volume, is July 20, 1857. *Held,* that it must be as-sumed that the act was not published until the day last named, and did not take effect so as to authorize a tax sale in June, 1857.

2. To hold a tax deed void on the ground that the tax sale was made at a time not authorized by law, the court must find that the day of sale was, *ex necessitate legis,* one on which the sale could not properly have taken place.

3. Under the statute, in this case, the tax sale for 1857 in M. county should have begun·on the second Tuesday of April, and, if unfinished on that day, should have been continued on the next succeeding days, till completed. But the statute did not require the sale to be contin-ued *for any given time* on each day; and if only a single lot was sold on each day, and the sale continued until the next day, this was suf-ficient.

4. In this case the court, in the absence of proof, cannot *infer* that the commencement of the sale was postponed in M. county for sixty days in 1857, from a belief that the act of that year had taken effect, nor that it was not commenced on the second Tuesday of April and continued from day to day until the 9th of June (on which day the sale in question was made); especially as the statute makes the deed itself *prima facie* evidence of the regularity of the proceedings on which it was founded.

5. A tax deed, like any other, must be attested by *two* witnesses, to entitle it to record (R. S., ch. 86, sec. 8); and the record of such a deed, wit-nessed by only a single person, is not admissible in evidence.

APPEAL from the Circuit Court for *Manitowoc* County.

Ejectment, commenced June 25, 1873. Complaint in the usual form. Answer, a general denial, and that defendant had been in possession and claiming title under a duly recorded tax deed for more than three years preceding the action. Upon the trial, plaintiff offered in evidence a tax deed dated March 12, 1861, recorded the same day, upon a tax sale made by the treasurer of Manitowoc county, June .9, 1857. Defendant objected, on the ground that there was no law authorizing the sale of the lands in question on that day, but the court admitted the evidence. Plaintiff testified that before and at

the time the deed was executed, the land was unoccupied, and so remained until July, 1867, and that he paid taxes and took tax certificates thereon for the five years next after the date of the deed.

Defendant offered in evidence the record of a tax deed of the premises, dated May 20, 1870, under a sale by the treasurer May 14, 1867, which deed was attested by but one witness, and was excluded by the court. Defendant then offered to prove that he had been in possession of the land for more than three years previous to the action, claiming title under said tax deed; but the evidence was rejected.

The court found, as facts, the issuing and recording of the tax deed to plaintiff as above stated; that at the time of such issuing and recording, and for five years immediately and continuously following, the land was uninclosed and unoccupied, during which time plaintiff paid the taxes; and that at the commencement of this action plaintiff was the owner in fee, and entitled to possession of the premises, and defendant was in possession; and it held that plaintiff was entitled to recover the possession, with six cents damages, and his costs and disbursements. Judgment accordingly; from which defendant appealed.

*Taylor & Sutherland*, for appellant, contended that the court erred in admitting plaintiff's tax deed in evidence. (1.) A tax sale must be made on the day fixed by law, or the sale is void. Blackwell on T. T., 268; *Ronkendorff v. Taylor*, 4 Pet., 349; *Lindsay v. Fay*, 25 Wis., 462. (2.) The statute having made the recital of the date of sale a material part of the deed, the presumption is, that the date recited is the true date, until the contrary is shown. *Lindsay v. Fay*, 28 Wis., 182. (3.) A tax deed reciting a sale on any other day than that fixed by law, is void. *Hogins v. Brashears*, 8 Eng. (Ark.), 242; *Sprague v. Cœnen*, 30 Wis., 209. (4.) The time fixed by law in 1857, for the sale of lands for unpaid taxes, was the second Tuesday of April. R. S. 1849, ch. 86, sec. 15. By

ch. 14, P. & L. Laws of 1857, this time was extended sixty days after the time now required by law. The record of the deed recites a sale on the 9th day of June, 1857, which was within the sixty days after the second Tuesday of April, 1857. And the court will take judicial notice of the number of days intervening between these two dates. (5.) A strict rule should be applied in this case, and no presumption should be made in favor of the deed, beyond what the law absolutely requires, since it is one of those deeds which are declared to be absolute evidence of the title in the grantee therein named. Blackwell on T. T., 72, 73. 2. The court erred in rejecting the record of defendant's tax deed offered in connection with evidence that he had been in actual occupation of the land, claiming title under the deed, for more than three years preceding the action. This would have shown a good defense under the statute. It is not necessary that a deed should be witnessed by two witnesses to entitle it to record. Sec. 24, ch. 86, R. S. (Tay. Stats., 1145, § 26).

*Bentley & Seaman, contra:*

1. The inquiry whether ch. 14, P. & L. Laws of 1857, extended the time of sale in Manitowoc county sixty days, was immaterial, since ch. 66, Laws of 1854, in force at the time of sale, provided that the title conveyed by any such deed should not be invalidated or affected by any error in proceedings previous to the execution and delivery of the deed. The validity of this statute was affirmed in favor of a deed identical in principle with the one here involved, in *Smith v. Cleveland*, 17 Wis., 556; and *Nelson v. Rountree*, 23 id., 368, is to the same effect. 2. The court properly excluded defendant's tax deed, since there can be no valid record of a deed executed in Wisconsin with but one subscribing witness. Sec. 8, ch. 86, R. S., requires two witnesses to all deeds, and sec. 25, ch. 22, Laws 1859, requires a tax deed to be " duly witnessed " to entitle it to record. Sec. 24, ch. 86, R. S., only provides for cases of

unacknowledged deeds that have been proven and authenticated under the preceding sections.

RYAN, C. J.   The tax deed under which the respondent claims, was executed in 1861, on a sale made by the treasurer of Manitowoc county, in which the land lies, June 9, 1857. The time of sale for nonpayment of taxes was then fixed for the second Tuesday in April, and the next succeeding days. R. S. 1849, ch. 15, sec. 86.   It appears, however, that the legislature of 1857 undertook to postpone the time, in that county, for that year, for sixty days.   P. & L. Laws of 1857, ch. 14. This act is found in the volume of private laws, without particular date of publication; and it must be held in this case as not having been published before the date of the secretary's certificate annexed to the volume, July 20, 1857.   *Berliner v. Waterloo,* 14 Wis., 378.   The act extending the time had, therefore, not become a law when the sale took place.   And thereupon it is contended by the appellant that, on the face of the deed, the sale appears to have taken place at a time not authorized by law.   We cannot so hold.

There may be room for speculation that the officers of the county, assuming ch. 14, Laws of 1857, to be a law, postponed the sale.   But, in the absence of all proof, we are not at liberty to act on such an inference.   If the fact be so, it should have been made to appear.

To hold the deed void on the ground alleged, we must find that the day of sale was, *ex necessitate legis,* a day on which the sale could not properly take place.   This we cannot do.   Under the statutes, the sale should have begun on the second Tuesday of April, and, if unfinished on that day, have been continued on the next succeeding days, till completed.   But, so that the sale began on the first day named, and was continued from day to day on the succeeding days, the statute does not require that it should have been continued for any given time on

each day.  It is the habit, in some counties, to protract the sale
by disposing of a single parcel or so on each day.   This is not
forbidden, and is a compliance with the statute.   And we cannot
say, judicially, that the sale in question may not have legally
continued from the second Tuesday in April to the 9th day of
June.   The dates furnish no necessary presumption of an ille-
gal postponement of the sale.   On the contrary, the effect given
by statute to the tax deed applies to the proceeding the maxim,
if not otherwise applicable, *omnia præsumuntur rite acta.*

We see no reason for questioning the findings of the court
below, that the land was unoccupied, and that the respondent
paid taxes on it, for five years after the record of his deed.
And this made his title and right of possession absolute.  *Gun-
nison v. Hoehne*, 18 Wis., 268 ; *Lawrence v. Kenney*, 32 id., 281.

The appellant claimed under a tax deed executed in 1870,
on a sale made in 1867.   He did not offer the original deed,
but the record of it.   It appeared that the deed is witnessed by
one witness only.   We know of no rule which distinguishes a
tax deed from any other conveyance, under sec. 8, ch. 86, R. S.
And the form of tax deed given by sec. 50, ch. 22; Laws of
1859, plainly contemplates two witnesses.

So executed, this deed was very manifestly not entitled to
record.   And the record of it was not admissible in evidence.
These are not open questions in this court.   *Ely v. Wilcox*, 20
Wis., 523 ; *Falluss v. Pierce*, 30 id., 443 ; *Gilbert v. Jess*, 31 id.,
110.   The record was therefore properly excluded.   And no
question arises in this case on the validity of the deed itself.

*By the Court.*—The judgment of the court below is affirmed.