## COLEMAN *v.* PESHTIGO LUMBER CO.

*(Circuit Court, E. D. Wisconsin. January, 1887.)*

1. **PUBLIC LANDS—TAX SALE—PATENT—EJECTMENT—WILD LANDS.**

A. entered on wild and unoccupied lands, but had obtained no patent for them up to the time they were sold for taxes. Subsequently to the sale he obtained a patent. *Held,* the patent related back to and confirmed the entry, so that the purchaser at the tax sale acquired the legal title, and might maintain ejectment against A., or one to whom he had sold after obtaining the patent.

2. **ESTOPPEL — INACTION DOES NOT CONSTITUTE — SUFFERING ANOTHER TO PAY TAXES.**

The purchaser at the tax sale suffered the purchaser under the patent to pay all the subsequently maturing taxes. *Held,* this inaction or failure on the part of the former actively to assert title is not sufficient to constitute an estoppel against his afterwards setting up his title against the other purchaser. To create an estoppel it must appear that one party has been influenced to pursue a certain course of action by the conduct of another, which in such a case means more than passive inaction.

3. **RECORDS—GENERAL INDEX—"SEE RECORD"—TAX DEED.**

The supreme court of Wisconsin. in *Oconto Co.* v. *Jerrard,* 46 Wis. 317, in construing the statute which requires a general index to be kept, in the offices of registers of deeds, of all tax deeds, having held that the entry, "See record," in the column of the general index designed for a description of the property conveyed, is sufficient to put all parties interested upon inquiry, the ruling must be the same in the case at bar. although the additional fact appears in this case that, besides the particular deed in question being so indexed, it was the *practice of the register, in a majority of cases. to so index tax deeds.* That fact is not sufficient to distinguish the case from the *Jerrard Case.*

4. **TAXATION—OMITTED TAXES—DOUBLE SALE.**

The assessment of the lands in contest for taxation in 1868 was omitted, but in 1869, the levy and assessment was made, not only for that year, but for the omitted taxes of 1868. *Held,* there should have been, under the Wisconsin statutes, but one sale of each parcel for the aggregate of the two years' taxes on that parcel, and the issue of one certificate of sale on each parcel. The making of two sales, and issuing of two certificates, was a violation of law, and rendered the sale nugatory, and the tax deed void; and, as the assessments were concurrent and were returned delinquent at the same time, they cannot be separated. by the court striking out from the deed those parts which show a sale for 1868, and allowing to be valid those which show a sale for 1869.

**SAME—RECOVERY OF POSSESSION—LIMITATIONS—GOOD TITLE.**

Laws Wis. 1859, *c.* 22. § 32, provides that no action shall be maintained by the grantee in a tax deed to recover possession of the land conveyed unless such action be brought in three years next after the date of such deed, or unless the grantee shall have paid taxes for five years, or have been in actual or continual possession of the land for three years previous to the expiration of the five years next after the date of the deed. The supreme court of Wisconsin having construed this section to mean that, after the lapse of three years from the date of recording a tax deed, there being no actual adverse

possession during any part of that time, the tax deed draws after it the constructive possession, and ripens into a valid and unimpeachable title *without regard to* whether the grantee has been in *actual possession* or has paid taxes on the land for five years, that construction of a state statute by a state court is binding on the federal courts.

At Law.

*William H. Webster*, for plaintiff.

*George G. Greene*, for defendant.

DYER, J., (*orally.*) This is an action of ejectment to recover the possession of certain lands in Marinette county, in this state. The plaintiff claims title under a tax deed issued to him September 26, 1873, based on tax sales made in 1870 for the taxes of 1869, and omitted taxes of 1868. The defendant is the grantee of the original owner, who acquired his title by patent from the United States. The patent was issued May 2, 1870, and the defendant's conveyance is dated April 15, 1871. The lands were wild and unoccupied until 1885, and were entered by the party who received the patent, prior to 1868. The defendant, in ignorance of the plaintiff's tax deed, paid all taxes assessed on the lands from 1870 to 1885, both years inclusive. The court has carefully considered the several questions involved in the case, and has come to the following conclusions, which will be briefly stated:

1. The court is of the opinion that the lands in question were taxable during the period intervening the date of their entry and the issue of the patent. I regard this question as so fully settled by authority as not to require discussion. *Carroll* v. *Safford*, 3 How. 441; *Witherspoon* v. *Duncan*, 4 Wall. 210; *Ross* v. *Board of Sup'rs*, 12 Wis. 26; *West Wis. R. Co.* v. *Trempealeau Co.*, 35 Wis. 258; and *Wisconsin Cent. R. Co.* v. *Price Co.*, 64 Wis. 594, 26 N. W. Rep. 93.

It is contended by the defendant that after the entry, and prior to the issue of the patent, the purchaser had but an equitable title; that, therefore, only the equitable title was subject to taxation; and that the sale for the non-payment of such a tax, and a tax deed founded on such a sale, would convey only that title, which is insufficient as the basis of an action of ejectment to recover possession of the land. But this view ignores the doctrine of title by relation. And the decisions are to the effect that the patent confirms the entry, and relates back to the time of the entry; so that, if the lands are sold for taxes assessed intervening the date of the entry and the issue of the patent, the purchaser at such sale takes a legal title as against the former owner.

2. I am also of the opinion that the plaintiff is not estopped from maintaining this action, or asserting title under his tax deed, by reason of having suffered the defendant to pay all subsequent taxes levied on the land. The basis of a legal estoppel is wanting. The plaintiff has done nothing except to remain passive. His failure to actively assert title to the land cannot be considered conduct on his part inducing the defendant to pay the taxes. And, to create an estoppel, it must appear that one party has been influenced or induced to pursue a certain course

of action by the conduct of another, which means, in a case like this, something more than passive inaction.

3. Upon the authority of *Oconto Co.* v. *Jerrard*, 46 Wis. 317, I must hold that the tax deed in this case was sufficiently recorded to give constructive notice of the tax title held by the plaintiff. The opinion in that case seems to me somewhat inconsistent with other rulings of the same court upon the subject; and, as an original question, I should be disposed to hold that the entry of the words "See record," in the column of the general index designed for a description of the property conveyed, is insufficient to create or establish constructive notice, even though the conveyance were spread at large upon the proper volume of records in the register's office. But the supreme court of the state, in passing upon and construing the statute which requires a general index to be kept in the offices of registers of deeds, has held in the *Jerrard Case*, not without protest against the delinquency of the register, that the entry, "See record," is sufficient for the purpose of putting all parties interested upon inquiry. And I do not see how the binding effect of this rule is to be escaped from in the present case. It is true that in the case at bar it appears that the entry of the tax deed in question upon the general index, in the form in which it was entered, so far as a description of the premises was concerned, was not a solitary instance of such a manner of indexing, as in the *Jerrard Case*. Indeed, it appears here that it was the habit of the register, in perhaps a majority of cases where tax deeds were deposited with him for record, to insert in the column intended for description of the lands conveyed, in the general index, the words, "See record;" and it is insisted by counsel for the defendant that this distinguishes the present case from the *Jerrard Case*. But if, according to the opinion of the supreme court, such form of indexing is good and sufficient in the case of one deed thus indexed, why is it not good and sufficient as to all deeds similarly indexed? All that can be said is that the negligence of the register is more flagrant and gross in the one case than the other. But this consideration does not reach to the legal proposition involved, which is whether, in any case, such a form of indexing is sufficient; and, as the supreme court of the state has held with reference to the conveyance before them in the *Jerrard Case*, that such a form of indexing was sufficient when taken in connection with the fact that the conveyance had been recorded at large in the proper volume of records, I am unable to see why it does not follow, as a necessary result from that ruling, that the same form of indexing of the tax deed involved in this case is sufficient, although it appears that in numerous other instances the register has been guilty of similar neglect of duty.

4. As to so much of the lands described in the complaint as consist of the N. E. ¼ of the S. W. ¼, the N. W. ¼ of the S. W. ¼ and the S. W. ¼ of the S. W. ¼ of section No. 13, township 35 N., of range 17, I hold the tax deed in suit void, for the reason that it appears on the face thereof that for the taxes of two years, namely, 1868 and 1869, both due at the time of the sale, the said lands were twice sold and two certificates of sale issued.

The assessment of these lands for taxation in 1868, and the levy of taxes thereon for that year, were omitted. By authority of law an assessment and levy were made in 1869, not only for the taxes of that year, but for the omitted taxes of 1868. I regard it clear, in the light of the statutes of this state bearing on the subject and applicable to the transaction, in connection with the authorities that have been submitted, that there should have been but one sale of each of these parcels for the aggregate of the two years' taxes on that parcel, and the issue of one certificate of sale on each parcel. The making of two sales and the issue of two certificates were violations of law, and such violations are patent on the face of the deed. In other words, it appears from the deed itself that the sales made of the parcels named, were unauthorized, because not conforming to the requirements of the statute.

The learned counsel for the plaintiff has, however, made a very ingenious argument to escape from this conclusion, which is based upon the theory that this double sale did not invalidate the sale for the taxes of 1869; and that, while the court may be constrained to hold the sale for the omitted taxes of 1868, assessed in 1869, invalid, it may still hold the sale for the taxes of 1869, good, and as sufficiently supporting the tax deed as a muniment of title. But I regard this argument fallacious, because it really rests upon the assumption that the non-payment of the omitted taxes of 1868 constituted a prior lien or delinquency to the taxes of 1869. There could have been no delinquency for the omitted taxes of 1868 until they were assessed and returned delinquent in 1869. The two sums were assessed and returned delinquent concurrently, and therefore became payable at the same time. The liens for the taxes of both years became such simultaneously. And so the rule that a separate sale for the last delinquency, if authorized, would extinguish a former delinquency, does not apply. Furthermore, it is not *a sale* merely for one year's taxes that cuts off liens for prior taxes. That result is effected by *the sale, and the conveyance* which follows the sale. Herein I regard the argument of counsel in support of his views upon this question as unsound. The statutory power to sell once for the aggregate of two years' taxes was not well exercised. And, as the delinquencies and liens were concurrent, the court cannot any more pick out the taxes of 1869, and say that the sale for those taxes was valid, and the sale for the taxes of 1868 was invalid, than it can say that the sale for the taxes of 1868 was valid, and the sale for the taxes of 1869 was invalid. I do not care to elaborate upon the proposition here involved. The plaintiff does not appear to have a shadow of equity to support his title. Necessarily he must stand upon a strictly legal title; and when it appears, as it does here, on the face of his deed, that the officer who made these sales was guilty of a radical departure from the authority conferred upon him by the statute, I am clearly of the opinion that, as to the parcels of land specified, the illegality so taints the conveyance as to render it nugatory as a basis or means for setting the statute of limitations in operation, and that, in view of what has been suggested, the court cannot strike out from the deed, for the purpose of sav-

ing it, those parts which show a sale for the omitted tax of 1868 as surplusage. The plaintiff is therefore not entitled to recover the possession of the parcels of land which were thus doubly sold, and which have been particularly specified.

5. This leaves for consideration the question whether the plaintiff is entitled to recover the possession of the S. E. ¼ of the S. W. ¼ of said section 13, which was not, as the other parcels were, twice sold. The tax deed shows a single sale of that parcel, and nothing appears on the face of the deed which affects the legality of that sale. As to this parcel, the plaintiff's right depends upon the view which the court shall take of the meaning of section 32 of chapter 22 of the Laws of Wisconsin for 1859, which is as follows:

"No action shall be maintained by the grantee named in any deed of conveyance executed by the clerk of any county board of supervisors on the sale of lands for the non-payment of taxes as provided in this act, or any other person claiming under such grantee, to recover the possession of the land described therein, or any part thereof, or interest therein, unless such action shall be brought within three years next after the date of the recording of such deed, or unless such grantee, or those claiming under him, shall have paid the taxes assessed on such land for five years next after the date of such deed, or unless such grantee, or those claiming under him, shall have been in the actual and continual possession of said lands, claiming title under such deeds for three years previous to the expiration of five years next after the date of such deed; in the two cases last mentioned such action may be brought within the time limited by law for the bringing of actions for the recovery of real estate after the date of such deed."

If the construction of that section, in connection with section 5, *c.* 138, Laws 1861, contended for by plaintiff's counsel, is correct, then, as to the S. E. ¼ of the S. W. ¼, the plaintiff's action is not barred by the three years' limitation named in section 32, and, *pro tanto*, he is entitled to recover.

As an original question I should be strongly disposed to hold that the three clauses in question in section 32 are alternative limitations; that is, that it should appear either that this action was brought within three years next after the date of the recording of the tax deed, or that the grantee therein paid the taxes assessed on the lands for five years next after the date of the deed, or that he has been in the actual and continual possession of the lands, claiming title under the deed, for three years previous to the expiration of five years next after the date of the deed. This conclusion seems best to accord with a natural construction of the statute; and the argument of counsel for the defendant, in support of that view, is very strong, if not unanswerable. But it seems to me, after careful reflection, that the *obiter* views expressed by Chief Justice Dixon in *Lawrence* v. *Kenney*, 32 Wis. 281, to the effect that the last two clauses are exceptions ingrafted upon the limitation contained in the first clause, logically and necessarily result from the doctrine established by the supreme court in that case and in *Gunnison* v. *Hoehne*, 18 Wis. 268, and other subsequent cases, *that constructive possession of vacant and unoccupied land* follows a tax deed, and that the grantee in such deed has such pos-

session. In *Gunnison* v. *Hoehne*, *supra*, the court held that after the lapse of three years from the date of the recording of a tax deed, there being no actual adverse possession during any part of that time, the tax deed drew after it the possession, and ripened into a valid and unimpeachable title. This was reasserted in *Lawrence* v. *Kenney*, *supra*, and I am forced to the conclusion that the supreme court of the state in subsequent decisions meant to affirm the views individually expressed by DIXON, C. J., in *Lawrence* v. *Kenney*.

In *Austin* v. *Holt*, 32 Wis. 478, one of the points made by counsel against the validity of the tax deed in that case was, that it was barred by the statutory limitation because the tax-title claimant had neither taken possession nor paid the taxes for five successive years after the date of the deed. The reply of the court in its opinion was that "the several points of counsel made and which *proceed upon the supposition that a recorded tax deed valid on its face does not draw after it constructive possession of unoccupied lands*, are settled and determined by the recent decision in *Lawrence* v. *Kenney*." Thus the court in effect declared that constructive possession for three years made a good title, although the tax-title holder had at that time not taken actual possession, *nor paid the taxes on the land*.

Again, in *Warren* v. *Putnam*, 63 Wis. 414, 24 N. W. Rep. 58, the court reaffirmed the proposition "that when the tax deed is in due form, and recorded in the proper office, and the lands described therein remain vacant and unoccupied for three years or more after the recording thereof, the tax-title claimant is deemed to be in the constructive possession, and the statute runs in his favor, *and the original owner is barred from attacking its validity;*" citing *Austin* v. *Holt*, *supra*, and *Lawrence* v. *Kenney*, *supra*. Would it have been thus declared that the original owner is *barred from attacking the validity of the tax deed after three years' constructive adverse possession by the tax-title claimant*, if it had not been the view of the court that actual possession for some period by such claimant, or payment of taxes for five years by him, were not essential elements in creating and establishing the bar of limitation?

In the same case the court further said:

"The bar of the statute is held to run in favor of the tax claimant, in the case last stated, upon the presumption of fact that the recorded tax deed creates a constructive adverse possession in favor of the tax claimant, which, if continued for the three years, *is as effectual to bar the original owner as an actual adverse possession for the same length of time.*"

I cannot understand the scope of this language, unless it bears the same meaning as the language of Chief Justice DIXON in *Lawrence* v. *Kenney*, wherein he says that—

"After the lapse of three years, and after the title of the holder had become perfect and indefeasible, he might then sue, the same as any other owner; and the statute operates as no obstruction to him. He then sues upon his title absolutely acquired; and, if the former owner intrudes or dispossesses him, it is no more than if the same acts were done by a person who had always been a stranger to the title, and his action against him is the same as against any other disseizor or trespasser."

The real meaning of all that has been said directly upon the subject, by the supreme court, since *Gunnison* v. *Hoehne, supra,* is that, where lands are vacant and unoccupied, the grantee in a duly-recorded tax deed has constructive possession; and, if such possession continues uninterruptedly for the period of three years from the date of the recording of the tax deed, the holder of such deed then has a perfect title, unassailable under the statute, and the original owner stands like any other stranger in his relation to the land. This is the proposition held by the supreme court without regard to the question whether, at any time after the recording of the deed, the grantee therein has had actual possession or not, or whether he has paid taxes on the land or not. And I repeat that this appears to me to be the logical result of holding, as the court did originally in *Gunnison* v. *Hoehne, supra,* that a tax deed of unoccupied lands, duly recorded, draws after it constructive adverse possession of the land. It is true that in *Wood* v. *Meyer,* 36 Wis. 308, Mr. Chief Justice RYAN, in the opinion of the court, observes that the land was unoccupied, and that the respondent paid taxes on it for five years after the recording of his deed. And he says: "This made his title and right of possession absolute;" citing *Gunnison* v. *Hoehne, supra,* and *Lawrence* v. *Kenney, supra.* But his reference to the payment of taxes was evidently inadvertent, because *Gunnison* v. *Hoehne* and *Lawrence* v. *Kenney,* which he cites in support of his proposition, held that a fully ripened title followed *three years' constructive possession under* the tax deed, without regard to any payment of taxes on the land by the grantee in the tax deed.

My conclusion, then, is that, in the several cases that have been referred to, the supreme court of the state has intended to place upon section 32 of chapter 22 of the Laws of 1859 the construction contended for by counsel for the plaintiff in this case. If this be so, then, in deference to the rule that, where the highest court in a state has interpreted a statute of the state, such interpretation is binding upon the federal court, it must be held, as to the S. E. ¼ of the S. W. ¼ of said section 13, that, by reason of three years' constructive adverse possession after the recording of the deed in suit by the plaintiff, the plaintiff became possessed of an unassailable legal title of said parcel of land.

6. I think it sufficiently appears on the face of the deed that the lands therein described were sold in the whole for the sum therein mentioned, namely, $95.81, and that the point urged by counsel against the validity of the deed in that respect is not tenable.

In conclusion, and as a result of the views thus expressed, the judgment of the court will be that the plaintiff is entitled to recover the possession of the S. E. ¼ of the S. W. ¼ of section 13, township 35, range 17, and that he is not entitled to recover the other fractions of said S. W. ¼ which have been before specified. This ruling is made upon the supposition that it is competent to hold the deed void as to some parcels of land therein described, and valid as to others,—a question not suggested on the argument, and which, therefore, I take it, counsel did not intend to raise any controversy about.