# Mulloy v. Cook.

*Bill in Equity to enjoin Action of Ejectment, and to enforce Trust in Land.*

1. *Purchasers of public land under act of June 15, 1880.*—Under the

[Mulloy v. Cook.]

provisions of the act of Congress of June 15, 1880 (1 Sup. Rev. Stat., p. 558), only the person who has made entry of homestead and failed to perfect the same, or the transferee of such entry-man by writing, executed in good faith, can purchase the land attempted to be entered.

2. *Contract violative of the public policy of the United States.*—A verbal contract by one who makes a homestead entry of Government land and fails to perfect the same, to purchase such lands under the act of Congress of June 15, 1880, (1 Sup. Rev. Stat. p. 558), and upon receipt of patent convey the lands to the one who furnishes the money with which to make the purchase, is violative of the policy of the General Government, and can not be made the basis of equitable relief to enforce a trust in such lands in favor of the one whose money was used in paying therefor.

APPEAL from the Chancery Court of Cleburne.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellant, Hiram Mulloy, against the appellee, Duncan Cook, to enjoin the prosecution by the respondent of an action of ejectment against the complainant, and to have the legal title to lands involved in such such suit divested out of said Cook and invested in the complainant. The bill averred that on January 23, 1874, Duncan Cook, a resident of Cleburne county, Alabama, entered from the United States Government the East ½ of the Northwest ¼ of section 25, township 17, range 11, East, in Cleburne county, Alabama, as a homestead, and upon payment of the fees, obtained the receiver's receipt therefor; that said Cook afterwards abandoned the homestead entry, and that on September 20, 1880, the complainant furnished to the said Cook the money with which to purchase the lands which were abandoned by him from the Government under the provisions of the act of Congress of June 15, 1880; that it was the understanding and agreement between Cook and the complainant, at the time he advanced the money with which to purchase the land, that Cook would purchase the land in his own name for the benefit of the complainant, and convey to him the title thereto, as soon as he received the patent from the Government; that the money so advanced to Cook was used by him in the purchase of said lands, for which he received a certificate and receipt for purchase from the United States Government, delivered the certificate and receipt to the complainant, and that thereupon the com-

plainant entered into posession of said land, and afterwards secured the patent to be issued therefor to the said Cook; that while in the peaceful and quiet possession of the lands, the said Cook, on December 28, 1889, instituted an action of ejectment against the complainant to recover the possession of said lands.

The prayer of the bill was for an injunction restraining the further prosecution of the action of ejectment, and to enforce a trust in said lands in favor of the complainant. The respondent demurred to the bill on the following grounds : 1st.   That the bill shows on its face that the contract it seeks to enforce is contrary to public policy, and is void.   2d.   The bill shows on its face that the trust it seeks to establish is based upon a contract that is against public policy and void.

Upon the submission of the cause upon these demurrers, the chancellor sustained them.   The complainant appeals, and assigns as error this decree of the chancellor.

J. H. SAVAGE, for appellant.—Where one purchases land and pays for it, and takes the title in the name of another, the party receiving the title holds it in equity in trust for him who furnished the purchase money. This trust in lands applies to lands purchased from the United States as well as from individuals.—*Irvine v. Marshall*, 20 How. (U. S.) 558 ; *Silver v. Ladd*, 7 Wall. (U. S.) 219 ; *Foster v. Trustees*, 3 Ala. 302 ; *Caple v. McCollum*, 27 Ala. 461 ; *Robison v. Robison*, 44 Ala. 227 ; *Glenn v. Glenn*, 47 Ala. 204 ; *Nettles v. Nettles*, 67 Ala. 599. Under the authority of the act of June 15, 1880, the complainant was entitled to purchase the lands, and having furnished the money therefor, is now entitled to the relief he seeks.—*Thrift v. Delancy*, 10 Pac. Rep. 475, (Cal.) ; *Fideler v. Norton*, 30 N. W. Rep. 128 ; Gould and Tucker's Notes on the Revised Statutes, §§ 2301, 2319.

KELLY & SMITH, *contra*.—The complainant in the present case is not the homesteader, nor has there been any attempt in writing to transfer the rights of the homesteader to him.   He is, therefore, not entitled to the relief he seeks, under the provisions of the act of June 15, 1880.—*Johnson v. Collins*, 12 Ala. 322 ; *Smith v. Johnson*, 37 Ala. 633 ; *Nichols v. Council*, 14 Amer. St. Rep. 20.

[Mulloy v. Cook.]

McCLELLAN, J.—We do not think the present bill is open to the objection urged against it by the demurrers. It can not be said that the contract sought to be specifically enforced is violative of the public policy of the United States. We know of no statute, nor of any general policy deducible from the statutes of the Federal Government, which would authorize or admit of a distinction being made in favor of, or against, the right of any citizen to purchase public land. Had nothing been done by the respondent looking to the entry of the land in controversy as a home, the complainant could have purchased it under section 2357 of the Revised Statutes, for one dollar and twenty-five cents per acre. The effort to homestead it having failed, the land again became public in every sense, and purchasable by the complainant under that section. The Government had no interest and no policy to be subserved in securing to the would-be homesteader a prior right to purchase as against the complainant, or any other citizen. No pre-emption or homestead right of the individual or policy of the Government is involved at all. The land, once purchased by and patented to either the person who made the entry or to another, may be alienated in all respects as any other real property. Since the purchaser is not charged with any of the duties as to occupancy, cultivation and the like, which would have been imposed upon him as a homesteader, and since the land itself has none of the exemptions from incumbrances and prior personal obligations which would attach to it as a homestead, it is a matter of no consequence to the Government or its policy that, even before the purchase, a contract had been entered into on the part of the purchaser to convey it to another upon patent issuing. Every governmental purpose would be equally conserved whether the purchaser intended, and did in fact continue to hold the land, or intended to convey and had made a contract to convey, and did in fact convey it to another. The only change in existing law effected by section 2 of the act of June 15, 1880, was to allow any purchaser who had made the payment on homestead entry required by Revised Statutes, § 2290, or any person to whom he had by written instrument attempted to transfer the rights conferred on him by such entry, a credit on the sum otherwise payable in purchase of the land to the amount paid on the

entry.   If no such transfer is executed by the entry-
man, none but he is entitled to this credit, though any
other person may purchase paying the full price.   If
such instrument has been executed, the nominal trans-
feree alone is entitled to the credit.   In either event, the
Government, not being interested in the uses to which
the land is devoted, nor in respect of the persons who
shall own it, no previous contract to convey it, or subse-
quent conveyance, whether in consonance with a pre-
vious contract or not, can in any degree be said to violate
any statute or the public policy of the United States.   In
the case at bar, it may be true that the complainant will
ultimately get the benefit of the credit in amount equal
to the sum originally paid by the respondent, but that is
a matter between the parties to this suit, and having,
we conceive, no bearing upon the question of public pol-
icy presented by the demurrers.

## REHEARING.

On the application for a rehearing in this case, the
fact that the land involved was not open to public sale at
the time Cook acquired his patent from the Government
is brought to the attention of the court.   The opinion
heretofore delivered, holding that the contract between
complainant and Cook, by which the former supplied the
money to purchase the land in the name of the latter,
under the act of June 15, 1880, with the understanding
that Cook should, on receiving a patent, convey the land
to the complainant, was not violative of public policy,
proceded on the assumption and is based on the consid-
eration that at that time the complainant, in his own
right and without reference to Cook's right under the act
referred to, could have purchased the land from the
United States.   That assumption being unfounded, and
that consideration being eliminated, the truth being that
at the time in question only the person who had made
entry of homestead and failed to perfect the same, or the
person to whom such entryman had attempted in writing
to transfer his inchoate homestead right, had a right of
purchase at all, and then only under the act of 1880, the
opinion fails of the support upon which it was rested,
and must be withdrawn.   It would seem to necessarily
follow from the facts, that the land could not be pur-

chased at all except by the homesteader, or his trans-
feree by writing executed in good faith, and that com-
plainant is neither the one nor the other, that the con-
tract and transaction alleged in the bill, through which
alone complainant seeks relief, is violative of the policy
of the general government, as evidenced by statutes, and
can not be made the basis of the equitable relief prayed ;
and we accordingly so hold.—*Johnson v. Collins*, 12 Ala.
322 ; *Dewhurst v. Wright*, 10 So. Rep. 682.

The judgment of reversal heretofore entered will,
therefore, be set aside, and the decree sustaining de-
murrers to the bill be affirmed.