# McCollum v. Edmonds.

*Action on Promissory Note.*

1. *Promissory note; want of consideration.*—A note given for the mere delivery of a certificate of the register of the United States land office, showing that the person named therein had taken the initiatory steps towards entering as a homestead the land described therein, is without consideration, where, before the making of the note, the person named in the certificate had forfeited. his right of entry, by changing his residence and abandoning the land, so that it had reverted to the government.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. J. A. BILBRO.

J. B. ASHLEY, for appellant.—If the certificate was of any benefit to the appellee, or to his daughter, as evidence on the contest, or afforded him aid in identifying or locating the land, then the surrender of it was a sufficient consideration to uphold the note.—*Maull v. Vaughn,* 45 Ala. 134; *Hixon v. Hitherington,* 57 Ala. 165. A

[McCollum v. Edmonds.]

grantee or assignee of a government certificate of an entry of land, having a right of possession and an inchoate title to the land, may make a valid agreement to abandon the land and relinquish his title thereto. Hence, the purchase of the certificate by appellant was a valid transaction.—*McLane v. Bovee*, 35 Wis. 27; 19 Am. & Eng. Ency. of Law, 334; Code, sec. 2782; U. S. Rev. Stat. secs. 2290, 2297; *Case v. Edgeworth*, 87 Ala. 203.

J. E. BROWN, *contra*, cited U. S. Rev. Stat. secs. 2289, 2291, 2288; *Anderson v. Carkins*, 135 U. S. 364; *Broke v. Ballou*, 19 Kan. 397; *Mellison v. Allen*, 30 Kan. 382; *Weeks v. White*, 41 Kan. 569; *Shoreman v. Eakin*, 47 Ark. 351; *Union Pacific Railroad Company v. Kennedy*, 20 Pac. Rep. 696; *Smith v. Johnson*, 37 Ala. 633; *Pettit's Adm'r v. Pettit*, 32 Ala. 228; *Lamb v. Davenport*, 18 Wal 307; *Rutledge v. Townsend*, 30 Ala. 706.

HARALSON, J —In the case in hand, the proof showed, as stated in the abstract, that the consideration of the note sued on was, "A United States government homestead certificate for 160 acres of land in Jackson county, issued by the register of the United States land office at Huntsville, Alabama, to Robert R. Long, showing his entry of said land; and also whatever interest plaintiff might have in said land." Plaintiff became Long's security for a fine and costs, and Long placed said certificate in plaintiff's possession with the agreement that if said plaintiff had said fine and costs to pay, the certificate was to be his, and Long was to turn the land over to him. Plaintiff had to pay said fine and costs, and Long abandoned the land and left the county. Defendant's daughter, Hattie, desired to contest or have Long's entry set aside, and enter the same for herself. Defendant was willing to buy the certificate, provided it could be used in re-entering the land. Plaintiff and defendant's wife and daughter went to Scottsboro and consulted an attorney, and were advised by him that they could use the certificate; and, on returning home, the note sued on was executed by all three of them, as previously agreed on, for $45.50. Immediately after the purchase of the certificate, the daughter, Hattie, set up a contest against Long's entry, and it was sustained, and she was allowed to enter the land, and went into posses-

sion. Neither plaintiff nor defendant was in possession
or actual occupancy of the land, at the date the note
was executed, and neither of them had ever had actual
possession of it. There was no indorsement of any kind
on the certificate, of transfer or relinquishment. Long
had not resided on the land long enough to perfect his
entry. The note constituted the only written evidence
of the trade between them and the plaintiff. The pleas
were, want, failure, and illegality of consideration. The
court gave the general charge in favor of defendants.
The plaintiff took a non-suit, with leave to file a bill of
exceptions.

From the foregoing statement of facts, it manifestly
appears that Long was a homesteader, and not a pre-
emptor, of public land; that all the right he had in the
premises, or could have, was under the homestead, as
distinguished from the preemption law. When a party
entitled to homestead has complied with the statutes on
the subject, he acquires title as a gift from the govern-
ment, whereas, one who acquires title under the pre-
emption laws is a purchaser of the land, having paid
the government its price for the same.—Revised Statutes
of U. S., Chap's 4 and 5. Under the preemption law,
section 2264, one may, by complying with its provisions,
acquire title from the government as a preemptor.
Under the homestead law, he must have resided on the
land for five years, immediately succeeding the time of
filing the affidavit prescribed as preliminary to making
an entry.—§§ 2290 and 2291. In eitheir case, as a pre-
emptor or homesteader, when he acquires a patent or a
certificate therefor, on proofs made, he acquires a fee in
the land, which he may alienate.

Long had not resided on the land for a sufficient length
of time to perfect his entry. He abandoned it and the
country. It is provided in the homestead law, that if,
at any time after having filed the preliminary affidavit
for entry, as required by said section 2290, and before
the expiration of five years mentioned in section 2291,
as the time after which the right becomes complete by a
continuous residence on the land meantime, the entry-
man has actually changed his residence, or abandoned
the land for more than six months at any time, then
and in that event, the land so entered shall revert to the
government,—or, in other words, the right of the party

[McCollum v. Edmonds.]

entering shall cease, and the land, in such case, becomes subject to entry by any other persons qualified under the statute.—§ 2297. The facts recited show that Long's entry being inchoate, he abandoned the land, left the country, and thereby changed his residence. When he did that, he forfeited his right of entry, and the land became subject to entry by any other person competent under the statute to make an entry. · The certificate that had been issued to him,—and which could have been no more than a paper from the register of the land office, that he had, by proper initiatory steps, acquired the right of homestead in the land, by complying with all the after conditions prescribed in the statute as being requisite to complete his right to the entry,—whether in his own hands or the plaintiffs, after such a change of residence, was no more than a blank piece of paper, without any force or effect whatever. On proof of the fact of abandonment of the land and change of residence, the certificate was thereafter no obstacle in the way of any one who desired to enter the land. It had been placed in plaintiff's hands, with a verbal understanding with him that if plaintiff had to pay the price and costs for which he became security for Long, the certificate should be his, and he, Long, would turn the land over to him,—a thing he could under no circumstances do, until and unless, having complied with all the conditions of the statute, he acquired a full fee-simple title from the government. The plaintiff, after he had been compelled by Long's default to pay the fine and costs for him, very naturally desired to make the certificate available for his reimbursement, if he could. There is no evidence to show that he was guilty of any fraud in making disposition of it, or that he misled or imposed on the defendants.. They and he seemed to have supposed that the paper would be of value to defendant's daughter, Hattie, in making a homestead entry of the land. But in this they were all mistaken. If Long had written on the certificate his abandonment of the entry and surrender of the same, and delivered it to a party desiring to enter the land, it might have saved proof of the abandonment, but without this it was not evidence of the fact, and other proof was necessary. So that, any one going to the land office to enter the land over Long's caveat would not have been aided in having

[Lowenstein & Bros. v. Bresler.]

his entry declared vacated by having the blank, untransferred certificate in his hands, and would have derived no advantage or profit therefrom. The same measure of proof would, necessarily, have been required to set aside said entry, as if Long had had the certificate in his pocket.

There was, therefore, absolutely no use in the defendants' buying the paper from the plaintiff. It transferred nothing of value to them, no right to the land, and was of no avail in making the subsequent entry. Its surrender to the defendants by plaintiff caused no trouble, injury, inconvenience, prejudice or detriment to himself, and the note they gave to him for the paper was wanting in the least consideration.—*Rutledge v. Townsend*, 38 Ala. 716; *Head v. Baldwin*, 83 Ala. 134.

There remains no necessity to consider the plea of the illegality of the consideration, in the alleged attempted sale and purchase of a homestead right under federal statutes, before the entry was declared complete and a certificate or patent issued to the homesteader.

Affirmed.