# Smart *v.* Kennedy.

123  627
129  586

*Bill in Equity to foreclose Mortgage.*

1. *Bill to foreclose mortgage; judgment in ejectment suit no bar to maintenance thereof.*—A judgment in favor of the defendant in an action of ejectment, in which the plaintiff based his right of recovery upon a mortgage to him conveying the lands sued _or, and the defendant pleaded the general issue and payment of the debt secured by the mortgage, does not constitue a bar to the maintenance of a bill by the plaintiff therein against the same defendant to foreclose said mortgage.

2. *Mortgage on Government land before issuance of patent; when valid*—A mortgage given upon Government land which had been entered as a homestead and for which the entryman had made final proof and received a certificate, but before there was an issuance of the patent, is valid notwithstanding section 2296 of the Revised Statutes of the United States, which provides that no Government lands acquired as homesteads shall, in any event, become liable to the satisfaction of any debt or contract prior to the issuance of the patent therefor; the purpose of said statute being the protection of the entryman, and to prevent the involuntary appropriation of the land to the satisfaction of debts incurred prior to the issuance of the patent.

APPEAL from the Chancery Court of Barbour.
Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by appellant, on the 3d of January, 1896, against appellees, C. C. Kennedy and wife, Mattie Kennedy, to foreclose a mortgage on land, executed April 9, 1892.

The defendants answered the bill, and filed three pleas to its maintenance, in which they set up, 1st, that the lands mentioned in the mortgage were, at the time of its execution, the homestead of himself and family, and were occupied as such, and that said mortgage was never in

fact acknowledged by said Mattie Kennedy separate and apart from her said husband, nor otherwise; 2d, that said mortgage was void under section 2296 of the Revised Statutes of the United States, for the reason, that the lands were public lands and had been entered by defendant, C. C. Kennedy, and the patent therefor was not issued to him until June 10th, 1892; and 3d, *res adjudicata,* that on December 6th, 1892, the complainant sued the defendant in Barbour circuit court, in a statutory action in the nature of an action of ejectment for the recovery of these same lands, in which suit, the defendant pleaded not guilty and specially, in substance, the payment of the debt for which the mortgage was given, and the same matters that are set up in pleas 1 and 2 above, now interposed in this suit; that issue was joined on the trial of said ejectment suit in the said circuit court on said pleas, and trial had thereon; that a verdict was rendered for defendant, and the judgment therein remains unreversed.

The defendant filed exceptions to said pleas on the following grounds: 1st. The judgment in said ejectment suit, set up in bar to the maintenance of this bill, constitutes no bar to its prosecution. 2d. The second plea is insufficient, because the plea fails to aver that the mortgage was made before defendant, C. C. Kennedy, made his final proofs and received certificate thereof under the homestead entry laws of the United States; and further, said section of the Revised Statutes of the United States, cited in said plea, has no application to voluntary conveyances of land entered as a homestead by the grantor in the conveyance.

The cause was submitted by agreement of parties for decision in vacation on the exceptions of complainant to these pleas for their insufficiency; and, thereafter, the chancellor rendered his decree in vacation, sustaining the sufficiency of said pleas, overruling the defendant's exceptions thereto, and dismissing the bill out of court. From this decree the complainant appeals and assigns the rendition thereof as error.

JAMES LANG and W. C. SWANSON, for appellant.—The mortgage was not void for having been made anterior to the patent.—Revised Statutes of U. S., § 2296; *Lewis v. Wetherell,* 36 Minn. 386, 1 Amer. St. Rep. 674.

The plea of *res adjudicata* showed only one judgment in the statutory action of ejectment. It has been expressly decided in Alabama and it was the common law, that a judgment in ejectment or statutory action in the nature of ejectment is not conclusive of the title of either of the parties.—*Mitchell v. Robertson,* 15 Ala. 412; 2 Stark. Ev. 313. Such judgment in the action of ejectment was no bar to the maintenance of the bill to foreclose the mortgage in the present case.—Code, § 1557; *Boyle v. Wallace,* 81 Ala. 352.

A. H. ALSTON and GEORGE W. PEACH, *contra.*

HARALSON, J.—1. However it may be in other jurisdictions, in Alabama the rule is, changing the common law rule on the subject, that two judgments in ejectment, or statutory action in the nature of ejectment, in favor of the defendant, bars a subsequent action between the same parties or their privies for the recovery of the same land founded on the same title.—Code, § 1554 (2714). Accordingly it was held, in *Harper v. Campbell,* 102 Ala. 342, which was a bill in equity to enforce a vendor's lien,—after the complainant, in an action of ejectment by him in the circuit court, against the same defendant for the recovery of the same land, had failed,—that the verdict and judgment in the ejectment suit, was not conclusive as to the equitable rights and relations of the parties; that the suit could be maintained or defended only on a legal right to the possession, without regard to the equities of the parties, and that the verdict and judgment are conclusive only, that the appellee had not, at the commencement of the suit, the legal right to the possession.

In *Williamson v. Mayer,* 117 Ala. 253, which was a second suit by the plaintiff against the defendant for the recovery of the same land, payment of the mortgage debt having been specially pleaded in the first suit, we held, that if the jury found in that case that the mortgage

debt had been paid, that fact would not, more than any other finding under the general issue, which was also pleaded, bar the plaintiff's right to bring another action for the land. See also, *Boyle v. Wallace*, 81 Ala. 352.

2. Section 2296 of the U. S. Revised Statutes provides, that "No lands acquired under the provisions of this chapter [having reference to homesteads] shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The defendant's plea sets up that he had entered these lands and received a patent for them from the government, on the 10th day of June, 1892, about two months after the execution of said mortgage. From the plea we are to infer he had done everything to perfect his entry, and nothing remained to be done by him, and nothing by the Government, except to issue the patent to him. If he acquired the lands under the homestead act of the government, as we infer from his plea he did, it would seem he had done all the law required for the issuance of the patent, and he must have held a certificate therefor, which vested in him a fee to the lands, which was alienable by him.—*McCollum v. Edwards*, 109 Ala. 322, 324. The patent when issued, shortly after the mortgage was given, enured to the benefit of the mortgagee. This section of the Revised Statutes upon which defendant rests his plea, we find has been construed in other jurisdictions, as manifestly intended for the protection of the entryman, to prevent the appropriation of the land *in invitum*, to the satisfaction of debts incurred anterior to the issuance of the patent, and that a mortgage given upon a government homestead after a final certificate has been issued, but before the reception of the patent, is efficacious.—*Lang v. Mony*, 40 Minn. 396; *Townsend v. Fenton*, 30 Ib. 528; *Moore v. McIntosh*, 6 Kan. 39; *Nycum v. McAlister*, 33 Iowa 374; *Cheney v. White*, 5 Neb. 261; *Kirkaldie v. Larrabee*, 31 Cal. 455.

3. The defendant filed no exception, and has not questioned the first plea filed to the maintenance of the bill, and we are not called, therefore, to consider its sufficiency. For the purpose of another trial, however, it

may be well to call attention to our adjudications on the subject.—*Read v. Rowan,* 107 Ala. 366; *A. F. L. M. Co. v. James,* 105 Ala. 347; *Jinwright v. Nelson,* Ib. 399.

Reversed and remanded.