# Millikin & Co. *v.* Carmichael & Flynt.

### *Bill in Equity for an Injunction.*

1. *Lease of lands entered as a homestead; invalid when executed before final proof of entry.*—Where one who makes a homestead entry of government lands leases the timber interest in said lands before final proof of the entry, such lease is absolutely void and conveys no interest to the lessee.

APPEAL from the Chancery Court of Geneva.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellees, Carmichael & Flynt, against the appellants. It was averred in the bill that the complainants were the transferrees of a lease of timber on certain lands to be used for turpentine purposes; that these lands were leased by one J. W. Burns and wife; that at the time of the execution of said lease by Burns, he was in possession of said lands; that, notwithstanding said lease, the respondents had entered upon said lands and taken possession of the timber thereon, had boxed the trees and was gathering the gum from the pine trees for the purpose of making turpentine, rosin, etc.; that the respondents claimed to be entitled to the use of the timber for turpentine purposes under a conveyance made to them by one Collins, and that Collins purchased said lands from said J. W. Burns after the execution of the lease from Burns under which the complainants claim.

The prayer of the bill was that the respondents be enjoined from trespassing upon said property and from using the trees and timber thereon for turpentine pur-

poses, and for general relief. Upon the filing of the bill
there was a temporary injunction issued. The respond-
ents filed an answer and pleas, in which they set up,
among other defenses, that the lease under which the
complainants claimed was invalid and conveyed no
rights to the complainants or their transferors. The
facts of the case are sufficiently stated in the opinion.

Upon the final submission of the cause upon the plead-
ings and proof, the chancellor decreed that the complain-
ants were entitled to the relief prayed for and ordered
accordingly. From this decree the respondents appeal,
and assign the rendition of this decree as error.

R. D. CRAWFORD and W. W. SANDERS, for appellant.
The complainants' lease in this case was executed be-
fore final proof of the homestead entry of J. W. Burns,
the grantor therein. The effect of this was to render the
lease a nullity.—*Anderson v. Carkins*, 135 U. S. 483;
*Cook v. Mulloy*, 101 Ala. 17; *Strickland v. Woodstock I.
Co.*, 121 Ala. 616; *Van Rensellaer v. Kearney*, 11 How.
297; *Fenno v. Sayre*, 3 Ala. 458; *Ford v. Church So-
ciety*, 23 L. R. A. 561; *Hamilton v. Brent L. Co.*, 127 Ala.
78.

H. A. PIERCE, *contra.*—The tresspass alleged in
the bill is a continuing one and goes to the destruction
of the entire estate or interest of the complainants. The
final decree of the court is free from error.—*Mabel Min-
ing Co. v. Pearson Coal & Iron Co.*, 121 Ala. 567; High
on Inj., 730; *Chambers et al. v. Ala. Iron Co.*, 67 Ala.
353. Subsequent acknowledgment of a void deed held
to validate the same.—*Smith v. Pearce*, 85 Ala. 264.

DOWDELL, J.—The undisputed facts in this case
show that the lease under which the complainants claim
was executed by Burns and wife to Nimmocks & Melvin
on December 21st, 1896, and that at this time Burns
and wife were residing upon the land, which had been
entered by Burns under the homestead law of the United
States, the same being government land. That Burns
had not at the time, and not until two days later, on De-

cember 23d, perfected his entry and received certificate of homstead on final proof of entry. That the execution of the lease was not acknowledged before, any officer, but was attested by one witness. That on May 25th, 1897, the lease was transferred by Nimmocks & Melvin to the Peacock & Hunt Naval Stores Co., and afterwards by the latter to the complainant Carmichael, and by him of an undivided half interest to the co-complainant Flynt. That on May 27th, 1897, an acknowledgment of its execution was made by Burns and wife before an officer in the prescribed form of the Code for the conveyance of the homestead. That at the time of this acknowledgment by Burns and wife there was no redelivery of the lease, nor any additional or new consideration, but simply an acknowledgment by them of its execution of the date of its delivery, December 21st, 1896.

It is conceded in argument that without the wife's acknowledgment taken separate and apart from the husband, the lease was void, but it is contended that the subsequent acknowledgment validated what was otherwise a void deed. If the lessors, Burns and wife, at the time of the execution of the lease, had been clothed with the right to make the same, this contention would be sound and find support in adjudication by this court. But such is not the case before us. The lease was void for another reason than that of a lack of sufficient acknowledgment by the wife for the conveyance of the homestead. At the date of its execution, the homestead entry not having been perfected, Burns was prohibited under the homestead law of the United States on grounds of public policy from conveying or making any contract to convey any interest in the land, and any conveyance by him was absolutely void.—*Anderson v. Corkins,* 135 U. S. 483; *Cook v. Mulloy,* 101 Ala. 178; *Woodstock Iron Co. v. Strickland,* 121 Ala. 616. The subsequent acknowledgment by Burns and wife was nothing but a formal admission by them of their execution of the lease of December 21st, 1896. This certainly could give no more validity to the deed than if the acknowledgment had been made at the time of its execution, and yet if it had been so made, the lease, notwithstanding, would have

40c

[Andrews v. Frierson *et al.*]

been void. It is wholly different in principle from the case of a conveyance by husband and wife of the homestead where they have the legal right to convey, and the conveyance fails by reason of a non-compliance with a prescribed form, which they have a right to, and may remedy, by subsequent acts. In such case, it is the *omission* that avoids the deed, and which may be remedied by the parties. In the case before us it is the *commission*, or the act itself, and that which is forbidden on grounds of public policy, that avoids the deed, and it is not in the power of the parties to give validity to the act. This view of the case renders it unnecessary to notice other questions raised in the record and discussed in the briefs of counsel.

The cause was submitted for final decree upon the pleadings and proof, and a decree was rendered granting the complainants relief prayed for. For the reasons above given, the decree will be reversed, and a decree will be here rendered dissolving the injunction and dismissing complainants' bill.

Reversed and rendered.

