### K. C. LUMBER CO. v. MOORES.

(Circuit Court of Appeals, Fifth Circuit. · March 17, 1914.)

#### No. 2513.

1. PUBLIC LANDS (§ 35*)—HOMESTEAD—SALE OF TIMBER.

Under the provisions of the homestead law, a transfer of standing timber by the entryman prior to the grant of a patent is against public policy and void.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 72–77; Dec. Dig. § 35.*

Rights acquired by homestead settlements and entries, see note to McCune v. Essig, 59 C. C. A. 434.]

2. PUBLIC LANDS (§ 35*)—HOMESTEAD—TRANSFER OF TIMBER.

After the issuance of a patent to a homestead entryman, he is invested with full legal title and may transfer the timber thereon to another, who is entitled to recover for the cutting and conversion of the timber by one to whom the entryman had illegally conveyed the same before patent.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 72–77; Dec. Dig. § 35.*]

3. PUBLIC LANDS (§ 35*)—HOMESTEAD—TRANSFER OF TIMBER—RELATION.

The doctrine of relation may not be invoked to validate a conveyance of timber on an entryman's homestead before patent, which is illegal as against public policy. ·

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 72–77; Dec. Dig. § 35.*]

In Error to the District Court of the United States for the Southern District of Mississippi; H. C. Niles, Judge.

Suit by J. H. Moores against the K. C. Lumber Company. Judgment· for plaintiff, and defendant brings error. Affirmed.

This suit was brought by the defendant in error, J. H. Moores, against the K. C. Lumber Company, plaintiff in error, to recover the value of trees cut and removed from a tract of land situated in Jackson county, Miss. A jury having been waived by the parties, the cause was submitted to the court upon the following stipulation as to the facts, to wit: "That John W. Smith made homestead entry No. 34,329 on July 12, 1899, for the lands in controversy, to wit, the S. E. ¼ of the S. E. ¼ of section 9, and the S. W. ¼ of S. W. ¼ and the N. W. ¼ of S. W. ¼ of section 10, all in township 2 S., range 6 W., Jackson county, Miss. And the said Smith made his final proof on the ——— day of ———, A. D. 1904, and final certificate No. 18,721 issued to him August 25, 1904, followed by patent to him dated March 30, 1905. That on September 4, 1901, John W. Smith and his wife, by warranty deed conveyed to Joseph ·Grisham all the pine timber on the above-described lands. Said deed was filed December 13, 1904, and recorded December 27, 1904, in the Deed Records of said Jackson county. That on February 1, 1902, Joseph Grisham by war-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ranty deed conveyed said pine timber to the K. C. Lumber Company, defendant. Said deed was filed and recorded on February 3, 1902, in the Deed Records of said Jackson county. That on April 12, 1906, said John W. Smith and wife, by warranty deed, conveyed to Frank Dickens the S. E. ¼ of S. E. ¼ of section 9, and the S. W. ¼ of S. W. ¼ and the E. ½ of the N. W. ¼ of S. W. ¼ of section 10. Also all the pine timber on the W. ½ of N. W. ¼ of S. W. ¼ of section 10. All in township 2 S., range 6 W., Jackson county. Said deed was filed on May 15th, and recorded May 24, 1906, in the Deed Records of said Jackson county. That on April 14, 1906, Frank Dickens by warranty deed conveyed said last-described land and timber to L. R. Collins. Said deed was filed on April 23d, and recorded April 26, 1906, in the Deed Records of Jackson county. That on April 14, 1906, L. R. Collins by warranty deed conveyed said land and timber to J. H. Moores, plaintiff herein. Said deed was filed on April 23d, and recorded on April 26, 1906, in the Deed Records of said Jackson county. That neither said Dickens, Collins, nor Moores had any actual notice of the said deed from Smith and wife to Grisham, nor from Grisham to the K. C. Lumber Company, and had no notice thereof except the constructive notice arising by operation of law from the fact that said deeds were placed on record. That some time between the 26th day of April, 1906, and the filing of this suit, the K. C. Lumber Company, defendant herein, cut and removed the pine timber from all of said above-described lands, without the knowledge, consent, or permission of plaintiff herein. That the pine timber so cut and removed from said lands by defendant amounted to 3,700 trees, making a total of 1,005,000 feet, at $3 per M., of the total value of $3.015."

Upon the evidence submitted, the court rendered judgment in favor of Moores for $3,015, with interest at the rate of 6 per centum per annum. Being dissatisfied with the judgment, the lumber company brings the cause here on writ of error.

J. I. Ford, of Pascagoula, Miss., for plaintiff in error.

E. J. Bowers and V. A. Griffith, both of Gulfport, Miss., and Edward Cahill, of Lansing, Mich., for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above). It will be observed that Smith made the entry for the land as a homestead July 12, 1899, and that the conveyances of the standing timber by Smith and wife to Grisham, and Grisham to the lumber company, were executed not only prior to the date of the issuance of the patent, March 30, 1905, to Smith, but they also antedated the final certificate, issued to him August 25, 1904. It will be further noted that Moores claims the land direct from Smith, through mesne conveyances, which were executed subsequent to the date of the patent.

Applying the law to the facts, our conclusions are as follows:

[1] 1. Under the provisions of the homestead law, to which the views expressed by us are limited, the conveyances of the standing timber, executed by Smith and wife to Grisham, and by Grisham to the lumber company, were against public policy and void. Anderson v. Carkins, 135 U. S. 483, 10 Sup. Ct. 905, 34 L. Ed. 272; Hartman v. Butterfield Lumber Co., 199 U. S. 337, 26 Sup. Ct. 63, 50 L. Ed. 217.

[2] 2. Upon the issuance of the patent to Smith, he was invested with the full legal title to the land, and he could make such disposition of it as he deemed proper. Hartman v. Butterfield Lumber Co., supra.

After the issuance of the patent, Moores acquired Smith's title through mesne conveyances, and Moores, thus being the owner of the land, had the right to bring suit against the lumber company for cutting and converting the timber standing thereon.

[3] 3. The doctrine of relation, relied upon by counsel for the plaintiff in error, may not be invoked to validate a conveyance which is illegal as against public policy.

We are of the opinion that the judgment rendered by the trial court is right, and it is therefore affirmed.