UNITED STATES v. WHITED & WHELESS, Limited. et al.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1916.)

No. 2796.

PUBLIC LANDS ⬤⟿123—DISPOSAL BY UNITED STATES—LIMITATION OF ACTIONS.
Act March 3, 1891, c. 561, § 8, 26 Stat. 1099 (Comp. St. 1913, § 5114), providing that suits to vacate and annul patents theretofore issued shall only be brought within five years from the passage of the act, and that suits to annul or vacate patents thereafter issued shall only be brought within six years after the issuance of the patent, gives to the patent, after the expiration of the term, the same effect against the United States that it would have had if it had been valid when issued, and therefore bars an action by the United States to recover from the purchasers of the patentee the value of lands alleged to have been fraudulently patented.
[Ed. Note.—For other cases, see Public Lands, Dec. Dig. ⬤⟿123.]

In Error to the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

Action by the United States against Whited & Wheless, Limited, and others, to recover the value of lands alleged to have been fraudulently patented. Judgment for the defendants on exceptions to the petition, and the United States brings error. Affirmed.

George Whitfield Jack, U. S. Atty., and Robert A. Hunter, Asst. U. S. Atty., both of Shreveport, La., for plaintiff in error.

T. Alexander and J. D. Wilkinson, both of Shreveport, La., for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. This is a suit to recover from the purchasers of the patentee the value of lands alleged to have been fraudulently patented. The defendants in error excepted to the petition on two grounds: (1) That the petition set forth no cause of action or right to recover for the matters and things set forth; and (2) that, even if

the petition did set forth a cause of action, the same was barred and prescribed by the prescription of six years. These exceptions were sustained in the lower court and judgment rendered accordingly.

The error alleged in this writ is that the court erred in sustaining the exceptions. The act of March 3, 1891 (26 Stat. 1095, c. 561), provides among other things, that:

"Suits by the United States to vacate and annul any patent heretofore issued shall only be brought within five years from the passage of this act; and suits to vacate and annul patents hereafter issued shall only be brought within six years after the date of the issuance of such patents." 26 Stat. 1099, § 8.

The patent involved in this case was issued the 12th day of December, 1898; this suit was brought December 29, 1914. We are of opinion this statute must be taken to mean that the patent is to be held good and is to have the same effect against the United States that it would have had if it had been valid in the first place. United States v. Chandler, 209 U. S. 447, 28 Sup. Ct. 579, 52 L. Ed. 881; United States v. Winona & St. Peters R. R. Co., 165 U. S. 467, 17 Sup. Ct. 368, 41 L. Ed. 789. See United States v. Exploration Co. (C. C.) 190 Fed. 405; United States v. Smith (C. C.) 181 Fed. 545; Kansas City Lumber Co. v. Moores, 212 Fed. 153, 129 C. C. A. 1. If the patent by the lapse of six years is to have the same effect against the United States that it would have had if it had been valid in the first place, then the situation is just about the same as if there had been no fraud practiced upon the government, and as if the patent had been properly, legally, and fairly issued.

Judgment affirmed.