(78 South. 214)

HALE et al. v. McGRAW et al. (6 Div. 557.)

(Supreme Court of Alabama. Nov. 29, 1917. Rehearing Denied March 23, 1918.)

PUBLIC LANDS ⊜135(2), 136—ENTRY—SALE BY ENTRYMAN.

A warranty deed or mortgage by one who had not perfected his homestead rights, having no patent, certificate, or final receipt, and not having furnished sufficient proof to acquire a certificate, was absolutely void, under Rev. St. U. S. §§ 2290, 2291 (U. S. Comp. St. 1916, §§ 4531, 4532), and the subsequent issue of a patent did not inure to the grantee.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Ejectment by W. R. McGraw and others against W. M. Hale and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Allen, Bell & Sadler and Geo. E. Bush, all of Birmingham, for appellants. Harsh, Harsh & Harsh and W. E. Martin, all of Birmingham, for appellees.

GARDNER, J. Statutory action of ejectment brought by appellees against the appellants for the recovery of the N. E. ¼ of N. E. ¼ of section 22, township 19, range 3 west, in Jefferson county, Ala. The parties to this suit claim title from a common source, to wit,

William McGraw, who entered the land as an adjoining farm homestead entry in 1888. Plaintiffs offered proof showing the death of William McGraw before the bringing of this suit, and that they were his children or heirs at law, and then offered in evidence United States patent (numbered 21,124) to the land in question, under act of Congress approved May 20, 1862, "to secure homesteads to actual settlers on the public domain," and supplemental acts, issued to William McGraw, dated December 6, 1907, and then rested their case.

The defendants first offered a mortgage executed by the said William McGraw in 1892 to the Alabama Trust & Savings Company, and the foreclosure deed from said company to one Tillie Schwab; and next a deed from "Jonas Schwab Company, transferee of Tillie Schwab," to defendants in 1901, but there was no evidence offered showing any transfer or conveyance from the said Tillie Schwab to Jonas Schwab Company; no testimony whatever being offered concerning this link in the chain of title. Defendants next introduced deed of William McGraw, executed December 26, 1892, to F. E. Blackburn, purporting to convey the land involved, and deed by the said Blackburn, in 1913, to themselves. The defendants also offered evidence tending to show possession of said Blackburn, and certain correspondence had by said Blackburn with the land office of the United States. The court admitted this correspondence over the objection of the plaintiffs, and we need not consider the question of its admissibility. Defendants then offered in evidence contest notice and a ruling thereon by the land office, showing a cancellation of said McGraw's entry. Plaintiffs in rebuttal introduced the final receipt of the United States Land Office showing the amount and date of the final payment made by William McGraw to the United States on the entry in question; said date being December, 1906.

Conceding, for the purposes of this case, the admissibility of defendants' testimony as to the correspondence from the land office in regard to this entry, it would only show at best that while McGraw in October, 1892, did make some proof as to his entry, yet an essential part of his proof was lacking and his entry subsequently canceled, and then again subsequently reinstated in 1906; and, also, at the time of the execution of the deed to Blackburn, McGraw had in fact not resided upon or cultivated the land for the full period of five years, as required by the statutes in regard to homestead entries. U. S. Rev. Stat. § 2291 (U. S. Comp. St. 1916, § 4532). It is therefore clear that at the time of the execution of the deed by William McGraw to Blackburn in December, 1892, said McGraw had neither patent, certificate, nor final receipt; nor had he furnished proof sufficient at that time to acquire such certificate.

It is insisted by counsel for appellees that, as this was a homestead entry, under these circumstances, any conveyance by McGraw, although by deed with covenants of warranty, would be absolutely void as against public policy—citing Anderson v. Carkins, 135 U. S. 483, 10 Sup. Ct. 905, 34 L. Ed. 272; Millikin v. Carmichael, 134 Ala. 623, 33 South. 9, 92 Am. St. Rep. 45; Mulloy v. Cook, 101 Ala. 178, 10 South. 349, 17 South. 899; Woodstock I. Co. v. Strickland et al., 121 Ala. 616, 25 South. 818; to which may be added Hartman v. Butterfield Lbr. Co., 199 U. S. 335, 26 Sup. Ct. 63, 50 L. Ed. 217; Bibb v. Allen, 149 U. S. 481, 13 Sup. Ct. 950, 37 L. Ed. 819; Adams v. Church, 193 U. S. 510, 24 Sup. Ct. 512, 48 L. Ed. 769; K. C. Lbr. Co. v. Moores, 212 Fed. 153, 129 C. C. A. 1; McCollum v. Edmonds, 109 Ala. 322, 19 South. 501.

Counsel for appellants rely upon the well-recognized rule that, when a patent is issued it inures at once to the grantee of the patentee under the deed containing covenants of warranty of title, and relates back to the date of entry—citing Croft v. Thornton, 125 Ala. 391, 28 South. 84; Birmingham Coal & I. Co. v. Arnett, 181 Ala. 621, 62 South. 26; Smart v. Kennedy, 123 Ala. 627, 26 South. 198; Veitch v. Hard, 75 South. 405,[1] among other authorities. This doctrine is of course not controverted in the present case, and was recognized by this court in its earliest history in Kennedy v. McCartney, 4 Port. 141. That case, however, recognized as an exception to the rule those instances where the grantor was prohibited from selling either by the letter, spirit, or policy of a legislative act using the following language:

"Where one sells land to which he has no right, with warranty of title, and he afterwards acquires a good title, it passes instantly to his vendee, and he is estopped from denying that he had no right at the time of his sale. This rule only applies where the vendor had no valid title at the time of executing the deed, and not where he is inhibited from selling, by the letter, spirit or policy of a legislative act."

The insistence here is that, as the land in question was acquired by homestead entry, any conveyance or contract to convey made by the entryman before perfecting his rights to a patent was violative of the policy of the homestead statute, and was therefore invalid and incapable of enforcement. This contention is upheld in the case of Anderson v. Carkins, supra, which seems to be the leading authority upon that question, and which has not been disturbed by any subsequent decisions of the United States Supreme Court. The opinion fully discusses sections 2290 and 2291 of the United States Revised Statutes (U. S. Comp. St. 1916, §§ 4531, 4532) relating to homestead claims, and the legislative policy in regard thereto. In the more recent case of Adams v. Church, supra, the court

[1] 200 Ala. 77.

makes reference to the Anderson Case, using the following language:

"In this state of the 'law, this court, in the Anderson Case, in an opinion by Mr. Justice Brewer, sustained the contention in behalf of Anderson 'that the homestead is a gift from the government to the homesteader, conditioned upon his occupation for five years, and upon his making no disposition or alienation during such term; that the affidavit of nonalienation is as clear an expression of legislative intent as a direct prohibition; that the whole policy of government in this respect would be thwarted if the homesteader were permitted to alienate prior to the expiration of the five years; that a successful alienation could be accomplished only by perjury, and an attempted alienation would only offer a constant inducement to the homesteader to abandon his occupation, and thus deprive the purchaser of any possibility of acquiring title to the land; that a contract whose consummation necessarily rests on perjury is illegal'; and that courts of equity would not enforce the performance of such contracts 'founded upon perjury and entered into in defiance of a clearly expressed will of the government.'"

The case was again brought into view in Hartman v. Butterfield Lbr. Co., 199 U. S. 335, 26 Sup. Ct. 63, 50 L. Ed. 217, and in the very recent case of K. C. Lbr. Co. v. Moores, 212 Fed. 153, 129 C. C. A. 1 (a case here directly in point), the court relies upon the Anderson Case as sustaining the conclusion there reached. In Shorman v. Eakin, 47 Ark. 351, 1 S. W. 559, cited by this court in Carroll v. Draughon, 173 Ala. 327, 56 South. 207, there is found a very interesting discussion of this question. This court in Millikin v. Carmichael, supra, following the lead of the Anderson Case, also declared such contracts void as against public policy, and what was there said may be considered decisive of the question here involved. The lease in that case was executed by one Burns who had entered the land under the homestead law, but who had not at the time of the execution of the lease perfected his entry and received certificate of homestead on final proof of entry. In discussing the validity of this lease, the court said:

"It is conceded in argument that without the wife's acknowledgment taken separate and apart from the husband, the lease was void, but it is contended that the subsequent acknowledgment validated what was otherwise a void deed. If the lessors, Burns and wife, at the time of the execution of the lease, had been clothed with the right to make the same, this contention would be sound and find support in adjudication by this court. But such is not the case before us. The lease was void for another reason than that of a lack of sufficient acknowledgment by the wife for the conveyance of the homestead. At the date of its execution, the homestead entry not having been perfected, Burns was prohibited under the homestead law of the United States on grounds of public policy from conveying or making any contract to convey any interest in the land, and any conveyance by him was absolutely void. * * * The subsequent acknowledgment by Burns and wife was nothing but a formal admission by them of their execution of the lease of December 21, 1896. This certainly could give no more validity to the deed than if the acknowledgment had been made at the time of its execution, and yet if it had been so made, the lease, notwithstanding, would have been void."

We hereinafter refer to the Millikin Case in the light of the recent case of Hartman v. Butterfield, supra. Under these authorities, therefore, McGraw, not having perfected his homestead rights, and having neither patent, certificate, nor final receipt, nor had he furnished proof sufficient at that time to acquire such a certificate, was under the homestead statute prohibited from an alienation of the property, and, under the authorities we have herein reviewed, his conveyance was void. What is said in regard to the deed is equally applicable to the mortgage.

The principle contended for therefore by counsel for appellants can have no application in the instant case, where is presented an exception to the general rule. The above-cited authorities from this state, relied upon by counsel for appellants, were evidently not dealing with the situation as here presented under the homestead law (U. S. Rev. Stat. §§ 2290, 2291), and do not militate against the conclusion here reached. The same may also be said of the cases of Barney v. Dolph, 97 U. S. 652, 24 L. Ed. 1063, U. S. v. Detroit, etc., Co., 200 U. S. 321, 26 Sup. Ct. 282, 50 L. Ed. 499, and Myers v. Croft, 13 Wall. 291, 20 L. Ed. 562, also relied upon by counsel for appellants. The cases of Fuller v. Hunt, 48 Iowa, 163, and Dickerson v. Bridges, 147 Mo. 235, 48 S. W. 825, dealt with the question of the right of the homestead entryman to execute a mortgage upon the land prior to the receipt of a patent; and it was there held that, under the laws of those states, the execution of the mortgage was not an alienation of the land. To enter into an analysis of the several cases cited by counsel would, however, extend this opinion to undue length, and would, we think, also be without profit.

This holding is not in conflict with the recent case of Quinn v. Tenn. Coal, I. & R. R. Co., 77 South. 340.[2] While it is not brought out in the opinion in said case, the record shows that the certificate and patent had been issued before the law day of the mortgage and the foreclosure of same; and this being the status of the title when the mortgage became fully executed, the defense was not available under the authority of Hartman v. Butterfield, supra. The case of Millikin v. Carmichael, supra, was decided before the case of Hartman v. Butterfield, supra, and it is unsound in holding that the lease was void, though finally executed and acknowledged after the issuance of the patent. While the deed to Blackburn is not set out in the record, and it is not expressly stated in the bill of exceptions that it was a warranty deed, yet it does appear that by the deed the land was conveyed, and we are of the opinion, upon reconsideration of the question, that an examination of the entire record discloses that upon the trial of this cause the deed was considered and treated as a warranty deed. We think it clear that reasonable and proper construction of the language used would indicate that the deed was sufficient, as one

---

[2] Ante, p. 46.

embracing the statutory warranty, which would be sufficient for appellants' purpose. We have therefore treated the case as one presenting a warranty deed.

We are of the opinion there was no error in giving the affirmative charge at plaintiffs' request, and the judgment will be accordingly affirmed.

Affirmed. All the Justices concur.