### CHADEK v. TURCOTTE et al.

(District Court, D. Montana. October 25, 1921.)

No. 87.

**Public lands** ⊂⇒135(2)—**Transfer after final proof held valid.**

Where final homestead proof was made before a United States commissioner, and later the same day the homesteader conveyed the land to defendants, and a few days earlier a departmental agent filed in the land office a protest against the entry and making of final proof, and when the proof was received the entry was suspended, and the issuance of final receipt stayed "pending further proof" by the homesteader "as to residence and pending a field examination" by the department, and these were accomplished, final receipt issued, and patent issued 14 months after proof made, defendants' deed was valid, for, if conditions precedent have been performed, that final proofs in some particulars may be defective does not debar the entryman from alienation of the land, as they or their vendees may furnish supplemental proof.

In Equity. Suit by E. E. Chadek against F. W. Turcotte and others. Decree for defendants.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

F. W. Mettler, of Helena, Mont., for plaintiff.

Norris, Hurd & Rhoades, of Great Falls, Mont., for defendants.

BOURQUIN, District Judge. This suit to quiet title presents but the issue of the validity of conflicting deeds executed in circumstances following: Before a United States commissioner L. Chadek made homestead final proof, and later in the day agreed to and did execute a deed of the land to Turcotte and two other defendants. Two days later the commissioner transmitted the proof to the land office, and the deed was recorded. A few days earlier a departmental agent filed in the land office a protest against the "entry and the making of final proof," and when the proof was received the "entry was suspended and the issuance" of final receipt stayed "pending further proof by Chadek as to residence and pending a field examination" by the department. These were accomplished, final receipt issued, and, 14 months after proof made, patent issued. Some 19 months subsequent to patent, the patentee executed a deed of the land to plaintiff.

It is plaintiff's contention that the deed to defendants violated the statutory prohibition of alienation before final proof—that is, before the proof was complete and filed in the land office—and so is void. The homestead statutes are in the nature of an offer to convey public lands of the United States to qualified persons who will reside upon, cultivate, and not alienate the lands for a term of years, and then submit their affidavits and evidence thereof, their final proof that they have performed the conditions precedent to patent. The lands are earned by performance of the conditions precedent, and the affidavits and evidence, or final proof, is but a method of information of the fact to the United States. Prohibition against alienation is not express, but is inferred from the statute (Comp. St. § 4532) providing that the entrymen shall make affidavits at time of final proofs that they have not alienated any of the lands; and hence this prohibition applies to only the period "before the oath is filed for final certificate," and terminates when said affidavits have been made, or, in some circumstances, should have been made. See Adams v. Church, 193 U. S. 510, 24 Sup. Ct. 512, 48 L. Ed. 769.

Final proofs made before United States commissioners are made before officers provided by statute and at the direction of the land office. For the occasion commissioners are quasi agents of the land office, and proof made before them is by them transmitted to the land office, and is equivalent to proof made before the land office. The nonalienation affidavit before them made is in legal effect then "filed for final certificate." Final proofs so made, the entrymen have done all the law requires, and are vested with right to title or patent in fee and free from all conditions and restrictions. If the conditions precedent have been performed, that final proofs in some particulars may be defective, and require supplement, does not impair this vested right. It is not a matter of substance, but of form only, and does not in the interval debar the entrymen from alienation of the lands. They or their vendees may furnish the supplemental evidence or proof. See Dittmer v. Wolfe, 25 Land Dec. 137, and cases cited.

In Lehman's Case, 8 Land Dec. 487, the vendee was permitted to furnish proof of nonalienation at time of final proof by the entryman; he failing and refusing to make the affidavit thereof. And it is not perceived wherein the statutes would be infringed, their policy in substance impaired, if entrymen, after performance of all conditions precedent, aliened the land without having made final proof; the vendee making it, as in effect was done in Barringer's Case, 12 Land Dec. 623. Hale v. McGraw, 201 Ala. 358, 78 South. 214, is not in point. There the entryman aliened the land before he had completed the statutory term of residence, before he had performed the conditions precedent, before he had earned it, before his right, free from restrictions upon alienation, had vested. Herein the defendants' deed and title are valid, and are quieted against the claims of plaintiff.

Decree accordingly.