## GALLUP *v.* ARMSTRONG.

WHERE the plaintiff in ejectment seeks to establish a prior possession under a land warrant location, the patent issued to him in pursuance of the location after the commencement of the action is admissible as evidence in his favor to show the date and location of the warrant, and that his right of possession thereunder has since ripened into a perfect title.

A patent issued by the Government is admissible in evidence, without any proof of its execution. The official seal sufficiently authenticates it.

APPEAL from the Thirteenth Judicial District.

The facts are stated in the opinion.

*P. L. Edwards*, for Appellants.

*John Reynolds*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action for the recovery of the possession of a tract of land. The case was tried by a referee, who reported in favor of the plaintiff, and judgment was rendered accordingly, from which and from an order refusing a new trial, the defendant appeals.

It is objected that under the pleadings the plaintiff was not entitled to any damages which may have accrued prior to the commencement of the suit. A full answer to this is, that the record shows that the referee only found the damages since the commencement of the suit.

On the trial the plaintiff proved his possession of the premises

Gallup v. Armstrong.

prior to the entry of the defendant, and also that he had located a military land warrant on the tract ; and he then offered in evidence, for the purpose of showing the date and location of the land warrant, a patent from the United States, issued to the plaintiff under and in pursuance of such location—dated, however, after the commencement of the suit, the warrant itself having been surrendered upon the issuing of the patent.    The defendant objected to it on the ground that it did not show any title in the plaintiff at the commencement of the action, and that it had not been certified to and recorded under the laws of this State.    The referee overruled the objections, and defendant excepted, and this is assigned as error. The plaintiff was bound to show a right to the possession of the land at the commencement of the suit, and this he did by proper evidence.    It seems that one of his claims to the possession was founded on the location of a land warrant prior to the commencement of the action, and we see no valid objection to the admission of the patent for the purposes for which it was offered.    It was not offered to prove a right of possession acquired since the commencement of the suit.    If it had been offered or used for such a purpose it would have been inadmissible.    But it was competent for the plaintiff to prove that the right of possession acquired by the location of the land warrant had since ripened into a perfect title, even though it occurred since the commencement of the action.

A patent issued by the government is admissible in evidence without any proof of its execution.    The official seal of the government sufficiently authenticates it.    The third and fourth sections of the Act of 1857 (Wood's Digest, 249) provide how a patent may be authenticated so as to be admitted to record in the Recorder's office, and makes certified copies of such record evidence, but this does not affect the admissibility of the *original* patent as evidence.

The judgment is affirmed.