JEFFERSON FISHER v. ERASTUS E. HALLOCK.

*Judicial notice—Inchoate title to public lands—Ejectment.*

Judicial notice may be taken of the general course of business in the Federal land-office, in that a purchase commonly precedes the issue of a patent a good while.

A patent to public lands relates back to the time when they were purchased, and gives the patentee title as of that date.

Comp. L. § 5952 makes a certificate of the purchase of public land sufficient evidence of the purchaser's right to the land to entitle him to maintain ejectment for it. *Held* that where a man gave a deed of bargain and sale, though without covenants, but reciting that he had on the same day, entered the land at the Federal land-office, persons claiming under such deed could maintain ejectment against others to whom he had sold after taking out his patent.

A man gave a deed of bargain and sale without covenants but reciting that at its date he had entered the land as described in a certain certificate of purchase. He afterwards obtained a patent. *Held* that the recitals in the deed and patent were evidence as against all the world that conveyance had been made before the patent issued.

The omission of plaintiff in ejectment, until after the case is submitted, to describe his title as required by Comp. L., § 6213, may be amended after judgment ; but if he has shown an undoubted title in fee the amendment is merely formal and may still be made when the case on affirmance is remanded for farther proceedings.

Costs were withheld on affirmance of a judgment for plaintiff in ejectment where the plaintiff, while proving full title, had omitted to set forth his title in his declaration as required by Comp. L., § 6213.

Error to Eaton.    (Hooker, J.)    April 19.—April 25.

EJECTMENT.    Defendant brings error.    Affirmed.

*M. V. & R. A. Montgomery* for appellant. One who has quit-claimed land to which he afterwards obtains a patent can hold it as against his own grantee : *Pike v. Galvin* 29 Me. 185 ; *Edwards v. Yarick* 5 Den. 664 ; *Jackson v. Bradford* 4 Wend. 622 ; *Pelletreau v. Jackson* 11 Wend. 119 ; *Sparrow v. Kingman* 1 Comst. 246 ; *Holbrook v. Debo* 99 Ill. 372.

*Huggett & Smith* and *R. W. Shriner* for appellee. One who gives a quit-claim and afterwards acquires title is estopped from denying the title of his grantee : *Van Rensselaer v. Kearney* 11 How 323 ; *Sinclair v. Jackson* 8 Cow. 586 ; *Hoffman v. Harrington* 28 Mich. 90 ; and recitals in the deed that the land has been entered at its date would estop the grantor or any one claiming under him from setting up after acquired title ; (*Jackson v. Waldron* 13 Wend. 189 ; *Smith v. Lock* 18 Mich. 56 ; *White v. Smith* 37 Mich. 291 ; Bright. Dig. 498 ;) especially if the patent also contains similar recitals identifying the premises : *Irvine v. Irvine* 9 Wal. 617 ; *Jackson v. Wright* 14 Johns. 193 ; *Shotwell v. Harrison* 22 Mich. 410 ; formal defects in the declaration may be cured after judgment and on review : Comp. L. § 6049 ; *Borst v. Griffin* 9 Wend. 309 ; *Oothout v. Ledings* 15 Wend. 410 ; *Jennison v. Haire* 29 Mich. 207.

COOLEY, J. This is an action of ejectment. The plaintiff in the declaration alleges his right to the possession, but fails to describe his title. The facts are found by the circuit judge, who rendered a judgment for the plaintiff upon them. One error assigned is that the finding does not support the judgment.

It appears that the defendant claims title through Joseph R. Williams. Williams, on July 23, 1836, gave to Henry Rowland, through whom plaintiff claims, a deed of bargain and sale of the lands, but without covenants. The deed recites that the grantor had on that day entered the land at the land-office at Bronson, Michigan, as described in the duplicate certificate of T. C. Sheldon, receiver, No. 18,760, U. S. May 1st, 1839, a patent of the United States purport-

ing to convey the same land to Williams, and based on certificate No. 18,760, was duly issued, and the only question on this branch of the case is whether Rowland, the previous grantee of Williams, was entitled to the benefit of the conveyance made by this patent, and whether the patent and the deed constituted together an affirmative showing of title in Rowland. The circuit judge was of opinion that they did.

It is conceded on the part of the defendant that if the deed to Rowland had contained covenants of title, the subsequent acquisition of the title by Williams would have inured to the benefit of Rowland by virtue of the principle of estoppel; the grantor not being suffered to assert in opposition to his own solemn assurance, and to the overthrow of the title he had assumed to convey, that he was not seized of the land as he had covenanted. But it is said that if one merely quit-claims the land and does not undertake for the title, and is not at the time the owner, there is no room for the application of the principle of estoppel; and while his deed passes nothing that he does not then own, there is nothing to preclude the lawful acquisition of the title to his own use afterwards.

The principle of estoppel might give to the grantee in a warranty deed the benefit of an after-acquired title in the grantor though he was a stranger to the title at the time the conveyance was made; but, as the defendant contends, a mere quit-claim could not have that effect. *Benneson v. Aiken* 102 Ill. 285. But this is not the case of a conveyance by one who was a stranger to the title. Williams asserts, in his conveyance, that he has at its date become purchaser of the land from the United States; and the patent, when subsequently issued, verifies this assertion. Now we may take notice that, according to the general course of business in the Federal land-office, the purchase commonly preceded the patent for a considerable period of time; but the patent, when issued, related to the time of the purchase, and gave the patentee title as of that date. *Johnson v. Ballou* 28 Mich. 379; *Flint, etc., Railway Co.*

*v. Gordon* 41 Mich. 420. In the interval before the patent issues the certificate is made by statute sufficient evidence of right to entitle the holder to maintain ejectment. Comp. L. § 5952. This statute was in force at the date of the purchase by Williams, and has remained in force ever since. The plaintiff, therefore, needs no assistance from the principle of estoppel; for the deed to Rowland and the acquisition of the title by Williams bear the same date.

It is said, however, that these recitals in the deed and the patent are no evidence against the defendant, who is a stranger to them. But he is no more a stranger to the recitals than he is to any grant to which he is not a party. The fact to be proved was that Williams had made conveyance to Rowland, and whatever proved it as against Williams proved it as to all the world.

It is contended that the judgment was irregular because the declaration did not describe the plaintiff's title. This was expressly required by the statute, which says that, except when the suit is brought for dower, the plaintiff shall state whether he claims in fee, or whether he claims for his own life or for the life of another or for a term of years or otherwise, specifying such lives or the duration of such term. Comp. L. § 6213. The objection that the declaration did not conform to the requirements of the statute in this regard was not taken until after the case had been submitted to the circuit judge for decision, and he then disregarded it and entered judgment that the plaintiff was well entitled to hold in fee. If the plaintiff had then amended, as he would have been permitted to do, the record would have been without error. But as the plaintiff showed an undoubted title in fee the amendment would be a matter of form only and may still be made when the record goes back for further proceedings.

The judgment will stand affirmed, but under the circumstances, without costs.

The other Justices concurred.