[B'ham Coal & I. Co. v. Doe, ex dem. Arnett.]

# B'ham Coal & I. Co. *v.* Doe, *ex dem.* Arnett.

## *Ejectment.*

(Decided April 17, 1913.    Rehearing denied May 8, 1913.
62 South. 26.)

1. *Public Lands; Disposition of Title; Power of State.*—The state cannot make laws disposing of title to the public lands belonging to the Federal Government, or laws by which a patent of the United States may be impeached or avoided.

2. *Same; Title; Legal and Equitable.*—Title to public lands remains in the Federal Government until a patent is issued, although the purchase money is paid; the payment of the purchase price, however, vests the equitable title in the purchaser, and the government has only the bare, legal title in trust for the purchaser, and, except as against the United States and those claiming under it, the state may attach to such equity such incidents and qualities of property as it pleases, and may render a final certificate of payment evidence of title in the holder sufficient to maintain or defeat an action for possession as is done by section 3980, Code 1907, unless an adversary title is shown by a patent issued to another.

3. *Same; Patents; Entry.*—A patent to public lands relates back to the date of entry, and the title acquired by the patent inures to the benefit of the patentee's prior grantee, though by quit claim or involuntary conveyance; so, where the commutation payment for public lands was made for the benefit of infant heirs of a deceased entryman, and they received a certificate of final payment and became entitled to a patent, the title acquired by the patent subsequently issued related back to the date of the certificate and inured to the benefit of a purchaser at a sale by a guardian of the heirs pursuant to a proper order of court.

4. *Guardian and Ward; Subsequent Marriage of Guardian; Effect.*—Where a single woman was appointed guardian of a ward, her subsequent marriage did not ipso facto terminate her guardianship, though it was necessary that her husband assent to the continuance of the guardianship.

5. *Infants; Sale by Guardian; Collateral Attack.*—Where a single woman was appointed guardian of an infant, subsequently married, and after her marriage petitioned for a sale of the real estate belonging to her ward, and the court entered an order of sale, and the sale was made and confirmed, such sale was not subject to collateral attack.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

[B'ham Coal & I. Co. v. Doe, ex dem. Arnett.]

Common-law ejectment by William Arnett against the Birmingham Coal & Iron Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The special finding of facts, to summarize, is that the plaintiff and his brother were the heirs at law of John W. Arnett, deceased, and that they are the sole heirs. That in his lifetime John W. Arnett entered the land sued for, but no patent was issued until after his death, when on January 11, 1892, the United States government issued patents to his heirs for the lands which he had entered, which were the lands sued for. That plaintiff was born January 15, 1886, and that his mother, who intermarried with one crumley, was appointed his guardian by the probate court, and that she petitioned for a sale of said land in July, 1891, and that the lands were sold in the same year under an order of the probate court, but before the issuance of the patent. The said lands were sold and conveyed by the guardian, who was not joined therein by her husband, and were purchased by Sarah A. Echols and B. W. May in August, 1891, and deed was executed to them soon thereafter, but before patent was issued; thereupon the court finds that although the deed from the guardian to May and Echols, and the deeds from them to the Birmingham Coal & Iron Company, were regular on their face and sufficient to convey title, yet no legal title was conveyed by the deed from the guardian, as the title was then in the United States, and did not pass to the wards, and therefore could not be conveyed by their guardian.

PERCY, BENNERS & BURR, for appellant. Title to real estate is regulated, governed and established by the lex rei sitæ.—*Sloan v. Frothingham,* 65 Ala. 593; *Keith v. Proctor,* 114 Ala. 676; *Kerr v. Moon,* 9 Wheat. 565. The

[B'ham Coal & I. Co. v. Doe, ex dem. Arnett.]

Legislature has authority to prescribe what character of interests are necessary to convey title, and have done so by section 3980, Code 1907. Under this statute the final receipt or certificate vested title in the heir of John W. Arnett, and authorized them to maintain eject-ment.—*Case v. Edgeworth,* 87 Ala. 204; *Bullock v. Wilson,* 12 Port. 436; *Morrison v. Coleman,* 87 Ala. 655; *Tillson v. Ewing,* 91 Ala. 467; *Smart v. Kennedy,* 123 Ala. 627; *Ledbetter v. Borland,* 128 Ala. 418; *Price v. Dennis,* 159 Ala. 625. The patent relates back to the is-suance of the certificate, and conveys title as of that date unless title has already been conveyed by a previ-ous patent.—200 U. S. 321; *T. C. & I. R. R. Co. v. Tutwiler,* 108 Ala. 483; *Stringfellow v. T. C. I. & R. R. Co.,* 117 Ala. 250. The sale was in all respects regular on its face and cannot, therefore, be the subject of collater-al attack.

ALLEN & BELL, and R. D. COFFMAN, for appellee. The holder of the fee in ejectment must recover.—*Claraday v. Abraham,* 56 South. 720; *Neville v. Cheshire,* 163 Ala. 390; *Stone v. Robinson,* 118 Ala. 273; *Mobile T. Co. v. City of Mobile,* 128 Ala. 350; *Mylam v. Coley,* 144 Ala. 535; *Nunnally v. Barnes,* 139 Ala. 657; *Hodges v. Hodges,* 54 South. 618; *Masters v. Eastis,* 3 Port. 368; 66 U. S. 50; 16 U. S. 372. A patent is the highest evi-dence of fee and must prevail over any other descrip-tion of title, and the Legislature has neither the power nor the intention to make any other class of title ef-fective or conclusive.—*Knabe v. Burden,* 88 Ala. 436; 13 Peters 498; Tiedman on Real Property, sec. 746. The patent carries with it the fee and it was intended by Congress to pass the legal title.—*Lowery v. Baker,* 141 Ala. 600; *Price v. Dennis,* 49 South. 248; *T. C. & I. Co. v. Tutwiler,* 108 Ala. 485; 11 Wheat. 334; *Stringfellow*

*v. T. C. I. & R. R. Co.,* 117 Ala. 250, and cases cited. The doctrine of relation does not apply in cases of this kind.—54 South. 588; *Tillson v. Kennedy,* 5 Ala. 407; 11 How. 703; *Price v. Dennis, supra; Garrow v. Toxey,* 54 South. 556; *Gonazles v. Hukil,* 49 Ala. 260; *Vary v. Smith,* 162 Ala. 459. If the doctrine of relation be applicable in this case the court is bound by its former decisions.—*Morton & Bliss v. N. O. S. R. R. Co.,* 79 Ala. 590; *Snyder v. Burke,* 84 Ala. 53; *Gulf R. C. F. Co. v. O'Neal,* 131 Ala. 117. The purchaser at the guardian sale was not a bona fide purchaser, got all he paid for, and ought not now to complain as all the title he got was an equity.—Sec. 4426, Code 1907; *Masters v. Eastis, supra; Price v. Dennis, supra; Burkett v. Mumford,* 70 Ala. 423; 12 Wall. 362; *Shorter v. Frazer,* 64 Ala. 81; *Wood v. Holley,* 100 Ala. 351; *Smith v. Perry,* 56 Ala. 268; *McMillan v. Rushing,* 80 Ala. 402; *O'Neal v. Seixas,* 85 Ala. 80.

SAYRE, J.—This is an action of ejectment in which the appellee recovered judgment against the appellant. A general statement of the facts may be seen in the special finding made by the trial court on request of the parties, and which appears in the record.

The Legislature of a state is incompetent to make laws disposing of the title to the public lands of the United States, or laws by which a patent of the general government may be impeached or avoided.—*Wood v. Pittman,* 113 Ala. 207, 20 South. 972. Until a patent issues, the legal title remains in the United States, and this although the purchase money be paid in full.— *Knabe v. Burden,* 88 Ala. 436, 7 South. 92. But the payment of purchase money in full vests a perfect equity in the purchaser, leaving in the general government no more than a bare, technical legal title, held in

trust for the purchaser, and to this equity, except as against the United States and those claiming under it, the state may attach what incidents and qualities of property it pleases. Section 3980 of the Code makes the certificate of final payment issued from the Land Office of the United States evidence of title in the holder sufficient to maintain or defeat an action for the possession unless an adversary title be shown by patent issued to another. This is the effect of the cases cited in brief for appellee. If, therefore, the contest here were between the appellant and a stranger to the proceeding in the probate court holding a patent, the latter would prevail.

But a different principle must control the conclusion in this case. Appellee, having, through the agency of the probate court, disposed of the right which his ancestor at law had acquired by final payment and receipt of the Land Office certificate to that effect, undertakes now to defeat that disposition by showing a patent subsequently issued to him. He is embarrassed by no covenants of warranty. He is in the same position as if he had executed a quitclaim of the interest shown at the time by his ancestor's certificate. The precise question thus presented does not seem to have occurred heretofore in this state, but it has been well settled nevertheless. The patent under which appellee claims discloses the fact that it was issued as final evidence of the same purchase which had theretofore been evidenced by the certificate issued to his ancestor at law. He was not a stranger to the title conveyed by the probate court proceeding. "In the case of sales made by the United States, the law gives the right, and the patent may be considered, not as the title itself, but as the evidence by which it is shown that the prerequisites to a legal sale have been complied with."—*Goodlet v. Smith-*

*son,* 5 Port. 245, 30 Am. Dec. 561. Technically the fee, prior to the issuance of the patent, was in the United States; but for every equitable and legal purpose the interest acquired by appellee's ancestor at law was realty in his hands and descended as such to his heirs.—*Carroll v. Safford,* 3 How. (U. S.) 441, 11 L. Ed. 671. The recitals of the patent show the consideration upon which it issued to have been the payment of purchase money by appellee's ancestor at law, and thereby "that it was the execution of a trust in his favor, so far as the same could be executed after his death, by transferring to his heirs the naked legal title to lands which he had fully appropriated and for which he was in his lifetime entitled to a patent, * * * and vested in them no greater or other estate than their ancestor would have taken had the patent issued in his lifetime." *Bond v. Swearingen,* 1 Ohio, 395. The patent invested appellee with no new or additional property in the land; it only gave him better and conclusive evidence of the title which his ancestor at law had acquired by the certificate issued to him.—*Cavender v. Smith,* 3 G. Greene (Iowa) 349, 56 Am. Dec. 541. But there is no need to pursue the subject further. All the courts agree that the patent in a case such as that here presented, by fiction of law, adopted that justice may be worked out, relates back to the date of entry, takes date with it, and the title so acquired inures to the benefit of the patentee's previous grantee though by quitclaim or involuntary conveyance. The entry and patent are regarded as one title.—*Ross v. Barland,* 1 Pet. 655, 7 L. Ed. 302; *French v. Spencer,* 21 How. 228, 16 L. Ed. 97; *United States v. Detroit Timber Co.,* 200 U. S. 321, 26 Sup. Ct. 282, 50 L. Ed. 499; *Pac. Coast Co. v. Spargo* (C. C.) 16 Fed. 348; *Coleman v. Peshtigo Lumber Co.* (C. C.) 30 Fed. 317; *Fisher v. Hallock,* 50 Mich. 463, 15 N. W. 552; *Magruder v..*

*Esmay,* 35 Ohio St. 221; *Hammond v. Johnston,* 93 Mo. 211, 6 S. W. 83; *Steinspring v. Bennett,* 16 La. Ann. 201; *Gallup v. Armstrong,* 22 Cal. 481; *Steeple v. Downing,* 60 Ind. 478.

One other point is made in favor of the judgment below. Appellee's mother, Sarah J. Arnett, was appointed and qualified as his guardian. Subsequently Sarah J. Crumley filed her petition as guardian for appellee to have the land in question sold for his maintenance and support. The proceeding resulted in the sale under which appellant claims. In its special finding the trial court states that Mrs. Arnett had married Crumley in the interval between her appointment as guardian and the filing of the petition. This fact did not appear in the evidence, nor does it appear what else may have happened. It is of no consequence in this proceeding. For aught appearing, the proceeding in the probate court may have been essentially correct, and upon collateral attack the presumption must be indulged that it was. If at the time of filing the petition the guardian had changed her name, in whatever way or for whatever cause, the change should have been stated in the petition for the sake of formal regularity. And if she were then a married woman, and if it be conceded that her second husband's assent to the continuance of the guardianship was indispensable, her subsequent marriage did not ipso facto terminate her guardianship, and his assent must be presumed.—*Carlisle v. Tuttle,* 30 Ala. 623. If the petition was filed and the proceeding prosecuted by the guardian, as for aught appearing was the case, the court had jurisdiction. The court knew its own records and had the parties before it. Its decrees affirm that Sarah J. Crumley was guardian for the appellee. Such being the case, the decree rendered and the sale had under it, however irregular, are beyond col-

[B'ham Coal & I. Co. v. Doe, ex dem. Arnett.]

lateral attack.—*Bland v. Bowie*, 53 Ala. 152; *King v. Kent*, 29 Ala. 542.

The judgment will be reversed and the cause remanded. If the evidence remains without substantial change, the court below will give judgment on a second trial for the defendant.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.

## ON REHEARING.

SAYRE, J.—The finding of facts made by the judge below left it uncertain as to when and by whom the commutation payment was made on the entry which had been made by appellee's ancestor at law. In preparing the original opinion we acted upon the idea that the final payment had been made by the entryman from whom appellee inherited. Now it appears that the payment was made by the appellee and his brother while they were minors or, more probably, by their guardian for them. But the payment, by whomsoever made, was for their benefit, and they later received a patent on consideration of the original entry and the commutation payment. The payment was made about two years prior to the proceeding for the sale of the land in the probate court. At that time they received the certificate and at that time they became entitled to receive a patent in due course. To that time, according to the cases we have cited, the title acquired by the subsequent patent related. Such being the case, the principle stated in the opinion and supported by numerous authorities is applicable to the title received by them in like manner as if their ancestor had made the payment. There are no authorities to the contrary in this state. The application for a rehearing and for an affirmance must be denied.