## ROBERTS v. HUDSON.
### (No. 910;. Decided July 9th, 1918; 173 Pac. 786.)

-Public Lands—Mortgages—Conveyance of Land Embraced in
Desert Claim Before Patent—Doctrine of Relation as Applied
to Land Patents—Construction of Patents—Intention of Par-
ties as Disclosed by Nature of Transaction—Estoppel—Deeds.

1. Where a desert land entryman after making full payment and
   proof, but before receiving patent, executed an instrument
   in form of quitclaim deed to secure his note, with provis-
   ions for a reconveyance upon payment of the note, it ap-
   pearing that the instrument was not intended as a mere
   release of interest in the land, but given to secure a loan
   equal to the then value of the land, it was proper to con-
   strue the instrument as a mortgage and decree a sale of the
   land to satisfy the debt.
2. As a general rule, a government patent when issued relates
   back to the original entry and perfects and makes valid any
   attempted transfer by the patentee intermediate, the entry
   and patent.
3. An instrument though in form a deed of quitclaim will, if
   an adequate consideration be recited, and the situation of
   the parties discloses an intention to convey the land itself,
   be given effect as a conveyance in fee simple.

Error to the District Court, Fremont County; Hon.
Charles E. Winter, Judge.

Action by Frank L. Hudson against Arthur C. Roberts
to recover upon a mortgage indebtedness. Judgment for
plaintiff and defendant brings error.

*E. H. Fourt,* for plaintiff in error.

The instrument being in form a deed of quitclaim did not
convey title subsequently acquired. (Section 3625, Comp.
Stats.; R. C. L. 1024.) A grantee under a quitclaim of
interest is not a bona fide purchaser. (Snow v. Lakes
Admr., 20 Fla. 656, 51 Am. Rep. 625; Smith v. Bank, 21
Ala. 125; Frink v. Darst, 14 Ill. 304, 58 Am. Dec. 575.)
A homestead entry is protected to the date of issuance of
patent. (In re. Cohn, 171 Fed. 578.) Roberts had only a
squatter's right on the date of the execution of the instru-

ment and could not convey title. (8 R. C. L. 1058; San Francisco v. Lawton, 18 Calif. 465.) Interest in the desert claim can only pass by assignment before patent. (Land Office Circular, 1910.) Applicant who purchased land has no title interest to convey. (People v. Blake, 84 Calif. 614, 22 Pac. 1142; Anderson v. Yonken, 29 Pac. 54; Tillotson v. Kennedy, 5 Ala. 407.) A conveyance by an heir in expectancy without warranty will not operate as an estoppel. (McClure v. Raben, 125 Ind. 139, 25 N. E. 179.) Nor a mere conveyance of interest. (Bruce v. Luke, 9 Kan. 201.) Nor a mere squatter's right. (McCarney v. Ligdon, 50 Ga. 629.) Hudson could not even take an assignment unless he were qualified to enter the tract so assigned. (Land Office Circular, Sept. 30th, 1914; 29 L. D. 453.)

*P. B. Coolidge,* for defendant in error.

The conveyance was given to secure a valid indebtedness and the desert land entry was a valid existing entry at the time. There is a distinction between the alienation of a government claim and the giving of a mortgage after final certificate. (Larson v. Wiesbecker, 1 L. D. 422; William H. Ray, 6 L. D. 340; Mudget v. R. R. Co., 8 L. D. 243; Hailing v. Edy, 9 L. D. 337; Murdock v. Ferguson, 13 L. D. 198.) A mortgage upon a homestead claim given in good faith prior to patent is valid. (Stark v. Morgan, 73 Kan. 453; Stark v. Duvall, 54 Pac. 453; Weber v. Saidler, 66 Pac. 400; Klempp v. Northrop, 70 Pac. 284.) The doctrine of relation applies and the patent relates back to the date of entry. (Ross v. Blarende, 1 Peters, 655.) A mortgagee may claim the benefit of the rule. (French v. Spencer, 21 How. 228, 16 L. Ed. 97.) The effect of the clause in the deed given in this case was to make the instrument a mortgage and that being the intention of the parties at the time, the mortgagor will not be permitted to defeat the lien by alleging an absence of title on the date of its execution. Equity will assume that the mortgagor intended to act honestly when he borrowed the money and gave security therefor. He was in possession of the land under a valid exist-

ing desert entry, holding an incipient interest, which both
parties assumed would ripen into a title by patent.

BEARD, JUSTICE.

The facts in this case as they appear by the record are
that the plaintiff in error, Arthur C. Roberts, made desert
land entry for certain lands in Section 2, Township 33 N.,
R. 101 West, August 31, 1901, which entry was allowed, he
at the time paying twenty-five cents an acre for the land
covered by his entry. That he made his first yearly proof
August 16, 1902, showing an expenditure of $200.00, and
that the second and third yearly proofs were made Novem-
ber 5, 1903, showing an expenditure of $300.00. Final
proof was made November 18, 1903. At that time the land
was unsurveyed, or at least the government survey was not
approved by the United States Surveyor General until
March 29, 1913, and was received at the local Land Office
December 13, 1914. Final payment of one dollar per acre
made March 24, 1914, and final certificate issued April 30,
1914. Patent issued February 18, 1916. On November 25,
1908, Roberts and his then wife (since deceased) executed
and delivered to Hudson their promissory note for $1,600,
due five years after date with interest, and to secure the
payment of said note they at the same time executed and
delivered to Hudson an instrument in writing in form a
quitclaim deed to the land in question, which deed contained
a provision for a reconveyance upon payment of the note.

Suit was commenced on the note, a writ of attachment
sued out and levied upon the land described in the instru-
ment above referred to. Later, and before answer, plaintiff
filed an amendment to his petition setting forth said instru-
ment, alleged it to be mortgage and asked its foreclosure.
Defendant pleaded payment, and that at the time he exe-
cuted said instrument he had only a possessory right to said
land; that said quitclaim deed was illegal, fraudulent, null
and void; that "said land is now the home and residence of
himself and family and that the plaintiff has no legal right,
title, interest or claim in and to the said premises or any

part thereof." Plaintiff replied, denying the allegations of
the answer and averred that prior to the execution of said
instrument defendant had made desert entry of the land.

The court found against defendant on his plea of pay-
ment and gave judgment against him for the amount due
on the note. No complaint is made in this court as to that
finding and judgment. The court further found and ad-
judged the instrument in question to be a mortgage, and we
do not understand counsel for plaintiff in error to contend
otherwise if it was a lien at all upon the land. His conten-
tion is that Roberts had no title or interest in the land which
he could convey or mortgage, and that the instrument being
in form a quitclaim it created no lien upon the title he after-
ward acquired by the patent. That Roberts had such an
interest in the premises as he could convey or encumber is
recognized by the Land Department of Government, and by
the courts. Having made his filing, paid the initial pay-
ment, made proofs of the required expenditures for the
three years and having submitted his final proof before he
gave the mortgage he had then done all that he was then
required to do or could do to entitle him to a patent. The
land was unsurveyed and the Government was not then
ready to receive the final payment and issue a patent. In
such instances, by rule of the Department final payment is
deferred until the survey is completed and approved. (Gen-
eral Land Office Circular, approved September 30, 1910.)
The mortgage therefore was a valid lien upon the equitable
interest or title then held by Roberts. The legal title there-
after conveyed to him by the patent was based upon that
equitable one and without which no patent could rightfully
issue. In United States v. Detroit Lumber Co., 200 U. S.
321-334, the court said: "A patent from the United States
operates to transfer the title, not merely from the date of
the patent, but from the inception of the equitable right
upon which it is based. (Shipley v. Cowan, 91 U. S. 330.)
Indeed, this is generally true in case of the merging of an
equitable right into a legal title." This doctrine of relation
is a fiction of law resorted to whenever justice requires. In

Landes· v. Brant, 10 How. 348, it is said: "To protect purchasers, the rule applies, 'that where there are divers acts concurrent to make a conveyance estate, or other thing, the original act shall be preferred; and to this the other acts shall have relation,' as stated in Viner's Abr. Tit. Relation, 290. * * * * Cruise on Real Property, Vol. 5, pp. 510, 511, lays down the doctrine with great distinctness. He says: 'There is no rule better founded in law, reason and convenience than this, that all the several parts and ceremonies necessary to complete a conveyance shall be taken together as one act, and operate from the substantial part by relation.'" This doctrine was applied by the Supreme Court of Michigan in Clark v. Hall, 19 Mich. 356-372, in which case Chief Justice Cooley said: "A further objection arises upon the conveyance made of the land by Conant. It appears that he conveyed to one Russell before he received a patent. The conveyance was by quitclaim, and defendant claims that as Conant had no legal title at the time, his deed conveyed none, and the title he subsequently acquired by the patent, did not inure to the benefit of Russell, inasmuch as there were no covenants in his deed to transfer the title by way of estoppel. The general principal unquestionably is, that a Government patent, when issued, relates back to the original entry, and perfects and makes valid any attempted transfer by the patentee intermediate the entry and patent." (See also Orrell v. Bay Manufacturing Co., 83 Miss. 800, 70 L. R. A. 881; Fisher v. Hallack, 50 Mich. 463; Burmingham Coal & Iron Co. v. Doe (Ala.), 62 So. 26; Callahan v. Davis, 90 Mo. 78; Touchard v. Crow, 20 Cal. 150; Gibson v. Chouteau, 13 Wall. (U. S.) 92.) In the case at bar, it is apparent the instrument was not intended as a mere release of the interest in the land then held by Roberts, and for a nominal consideration; but to secure a loan in a sum which equaled if it did not exceed the then value of the land. It was held by this court in Balch v. Arnold, 9 Wyo. 17-29, that, although in the granting clause of the deed only the right, title and interest of the grantor is purported to be conveyed, yet if an adequate considera-

tion is recited, and if expressions occur elsewhere in the instrument indicating an intention to convey the land itself, that the intention of the parties is to be ascertained by considering all of the provisions of the deed as well as the situation of the paries, and to give effect to such intention if practicable; and if upon such consideration it appears that the intention of the parties was to convey the fee simple or any definite estate in the land, effect will be given to such intention and the deed will operate by way of estoppel, so that any estate subsequently acquired by the grantor will inure to the grantee.

In directing a sale of the land to satisfy the judgment, the District Court held that the title acquired by the patent related back to the date of the entry and was covered by the lien of the mortgage. In the circumstances of the case we think that holding was correct, not only because the case appears to be one wherein justice requires the application of the doctrine of relation, but also because we are of the opinion such was the intention of the parties, as disclosed by the recitals in the instrument and the situation of the parties.

There is also another reason disclosed by the record, but not discussed by counsel, why the judgment should not be reversed. It appears that at the commencement of the action a writ of attachment was issued and levied upon this particular land, and that the attachment has never been discharged or the levy vacated, and the land attached might have been ordered sold to satisfy the judgment, and would have included whatever title or interest the defendant had in the land at the date of the levy of the attachment. It is true he alleged in his answer that he was then occupying it as his home with his family, but if any homestead rights were properly before the court in this action, no evidence was offered in support of that allegation.

No prejudicial error having been made to appear, the judgment of the District Court is affirmed.    *Affirmed.*

POTTER, C. J., and BLYDENBURGH, J., concur.